**In the Matter of Norma Ann DOWELL, Debtor.**

**UNITED STATES of America, Appellee,**

v.

**Norma Ann DOWELL, Appellant.**

**No. 86–0785–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

March 25, 1987.

**48**

David Detar Newbert, Kansas City, Mo., for appellee.

Maurice B. Soltz, Soltz & Shankland, APC, Kansas City, Mo., for appellant.

## ORDER REMANDING CASE TO BANKRUPTCY COURT TO RECONSIDER ITS JUDGMENT

BARTLETT, District Judge.

On April 29, 1986, debtor-appellant filed her notice of appeal from the bankruptcy court judgment denying her discharge in bankruptcy. Both parties filed briefs on the issue identified by debtor-appellant, i.e., whether the bankruptcy court erred in denying debtor Norma Ann Dowell a discharge in bankruptcy under 11 U.S.C. § 727(a)(6)(A) for wilfully and intentionally failing and refusing to obey any lawful order of the bankruptcy court and the order of the district court which was subsequently set aside.

Debtor-appellant contends that the bankruptcy court erred when it denied her a discharge in bankruptcy pursuant to 11 U.S.C. § 727(a)(6)(A) because she did not have notice of the involuntary petition in bankruptcy or any subsequent orders and therefore she could not have wilfully disobeyed a court order.

The appellee argues that this Court must defer to the bankruptcy court's findings of fact that debtor-appellant did receive orders, notices and pleadings related to the bankruptcy unless those findings were clearly erroneous. Further, appellee contends that the bankruptcy court correctly exercised its discretion, as a matter of law, in denying defendant's discharge.

Section 747(a)(6)(A) of the Bankruptcy Act, 11 U.S.C. §§ 101, *et seq.*, provides in part that: "(a) The court shall grant the debtor a discharge, unless— ... (6) the debtor has refused in the case ... (A) to obey any lawful order of the Court...."

In its final judgment filed on April 15, 1986, and docketed on April 22, 1986, the bankruptcy court after a hearing concluded "that the [debtor-appellant] had timely notice of the orders that she disobeyed and that her disobedience was therefore intentional." The Court also stated that "a repeated failure and refusal to obey orders must, it seems, necessarily point to intention."

The "orders" referred to by the bankruptcy court included: 1) a March 19, 1985, order of the bankruptcy court directing the debtor to file statements of affairs and schedules; 2) an April 16, 1985, order of the bankruptcy court setting a hearing on debtor's failure to file the schedules and to determine whether she should be held in contempt (debtor did not appear for the hearing); 3) a June 24, 1985, order by the district court requiring debtor to show cause why she should not be held in civil contempt for failure to comply with the bankruptcy court's orders; and 4) a September 3, 1985, judgment of contempt by the district court and order directing debtor to pay a fine and to comply with the bankruptcy court orders.

The bankruptcy court concluded that the debtor "intentionally refused to obey orders of this court and the district court and that grounds therefore exist for denial of discharge in bankruptcy." On April 21, 1986, the district court entered an order setting aside its contempt order against the debtor-appellant. This Court cannot determine to what extent the bankruptcy court relied on the district court contempt order that was set aside on April 21, 1986, (after the bankruptcy order in question was signed) in concluding that debtor-appellant had notice of the orders, that she intentionally refused to obey them and that therefore she was not entitled to a discharge in bankruptcy. Although the basis for the district court's April 21, 1986, order is not entirely clear, there is a suggestion in the order that the district court did not believe that the debtor had been "shown to have had notice or knowledge of the Court's order sufficient to put the party on notice of the prescribed (or in this case, the required) conduct." Without clarification from the bankruptcy court about the extent to which its conclusion was based on the district court's contempt order, I am unable to determine whether the bankruptcy court

abused its discretion in denying the debtor-appellant a discharge pursuant to § 727(a)(6)(A).

Therefore, it is hereby ORDERED that this case is remanded to the bankruptcy court to reconsider its April 15, 1986, 61 B.R. 75, order in light of the district court order setting aside its earlier order holding the debtor-appellant in civil contempt.