In the Matter of Norma Ann
DOWELL, Debtor.

UNITED STATES of America,
Plaintiff–Appellant,

v.

Norma Ann DOWELL,
Defendant–Appellee.

No. 88–0176–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

Dec. 6, 1988.

ORDER REMANDING CASE

BARTLETT, District Judge.

On December 16, 1987, the bankruptcy court entered an order reconsidering its former judgment denying discharge and "on instructions from the district court" granting defendant her discharge in bankruptcy, 82 B.R. 998 (Bankr.W.D.Mo.1987). From this order, plaintiff United States of America appeals.

The bankruptcy court in its December 16, 1987, order erroneously concluded that my March 25, 1987, order remanding the case, 73 B.R. 47 (W.D.Mo.1987), required the bankruptcy court to reach any particular result. My order was not intended to foreclose the bankruptcy court's function as finder of fact.

My March 25, 1987, order merely stated that I could not determine to what extent the bankruptcy court relied on the district court contempt order. Because the bankruptcy judge entered his decision denying discharge after the contempt order was issued, but before it was set aside, I needed to know to what extent, if any, the bankruptcy court relied on the contempt order in arriving at its decision. That was all the March 25, 1987, order was intended to accomplish.

In its December 16, 1987, order, the bankruptcy court stated that because, as of the date of its judgment, April 15, 1986, 61 B.R. 75 (Bankr.W.D.Mo.1986), "it had no knowledge of the precise status of contempt proceedings which had been earlier initiated in the district court ... This court [bankruptcy court] made no mention of those proceedings in its foregoing findings of fact and conclusions of law and in fact considered those proceedings to be irrelevant to the action at bar." December 16, 1987, Bankruptcy Order, 82 B.R. at 1000.

Therefore, it is hereby ORDERED that this case is remanded to the bankruptcy court to reconsider its December 16, 1987, order in light of this order and to render a decision it believes is factually and legally proper.