**In the Matter of Norma Ann DOWELL, Debtor.**

**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Norma Ann DOWELL, Defendant–Appellee.**

**No. 88–0176–CV–W–9.**

United States District Court, W.D. Missouri, W.D.

Dec. 6, 1988.

**In the Matter of Norma A. DOWELL Debtor.**

**UNITED STATES of America Plaintiff,**

v.

**Norma A. DOWELL Defendant.**

**Bankruptcy No. 85–00285–3. Adv. No. 85–0638–3.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Jan. 9, 1989.

David DeTar Newbert, Asst. U.S. Atty., Kansas City, for plaintiff.

Maurice B. Soltz, Soltz & Shankland, P.C., Kansas City, Mo., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING DEFENDANT'S DISCHARGE IN BANKRUPTCY

### DENNIS J. STEWART, Chief Judge.

The plaintiff United States of America filed its within complaint over three years ago, on October 31, 1985, objecting to the defendant's discharge in bankruptcy on the ground that she had wilfully disobeyed written orders of the bankruptcy court—to file schedules and to attend a meeting of creditors—which had been mailed to her. The defendant opposed denial of her discharge, contending that she had never received the orders; that, although the orders were correctly addressed to the residence which she was then currently occupying with her husband, her husband had received and opened the letters and had not notified her of the contents of the orders until after the dates for compliance had passed. After notice and a hearing, the court, on April 15, 1986, issued its initial judgment denying the defendant's discharge in bankruptcy. *See Matter of Dowell*, 61 B.R. 75 (Bankr.W.D.Mo.1986), in which this court found that the mailed orders had arrived at defendant's residence; that defendant's testimony to the contrary was not credible, not only based on her appearance and demeanor as a witness, but also on the improbability that so many orders and notices could have been sent to her without some being received by her; and that defendant's counsel expressly declined an explicit opportunity granted by the court to call defendant's husband as a witness.

On appeal, the district court remanded the action to the bankruptcy court, stating that, on April 21, 1986, the district court had set aside a contempt order which appeared to have been based on the same facts as the denial of discharge and that, "[w]ithout clarification from the bankruptcy court about the extent to which its conclusion was based on the district court's contempt order," the district court was "unable to determine whether the bankruptcy court abused its discretion in denying the debtor-appellant a discharge pursuant to section 727(a)(6)(A)." *Matter of Dowell*, 73 B.R. 47, 48–49 (W.D.Mo.1987). In setting aside its civil contempt citation after the defendant had purged herself of the civil contempt by filing schedules and attending an adjourned meeting of creditors, the district court made gratuitous findings that defendant had no intention to disobey the orders of the court, but rather had been prevented from doing so by reason of her non-reception of the orders. *See Matter of Dowell*, 73 B.R. 47, 48, 49 (W.D. Mo.1987).

On remand, this court interpreted the order of remand in the only way it could have made any reasonable sense—that it was intended to nullify this court's prior order denying discharge if in any material respect it relied upon the same facts which had underlain the district court contempt order which had later been vacated by the district court. For, as is further pointed out below, this court did not explicitly purport to rely on any of the findings of fact, conclusions of law or reasoning underlying the district court contempt order.[1] Even if it had, however, the court pointed out that it would not have been improper to do so, inasmuch as it was lawful to deny a discharge in bankruptcy on the basis of a debtor's contumacious violation of a bankruptcy court order, even though the contempt may in the meantime have been purged. But this court observed that the district court—if any valid reason for the

---

1. The plaintiff mentioned in its complaint and offered exhibits to show that the contempt citation had been entered by the district court on September 3, 1985, and that a docket entry of that order had been made as of October 17, 1985, but the order adjudging the debtor to be in civil contempt made no findings of fact or conclusions of law beyond those recommended by this court in a report and recommendation filed May 16, 1985. The court knew that these facts—those contained in the report and recommendation—were materially the same as those included in the report and recommendation and accordingly offered, in *Matter of Dowell*, 82 B.R. 998 (Bkrtcy.W.D.Mo.1988), to set aside its denial of discharge on that basis. But now the district court apparently believes that offer to have been improper.

remand should be presumed—deemed reliance on the same facts which underlay the vacated contempt order to be improper. Therefore, it entered its decree granting the defendant's discharge in bankruptcy. *Matter of Dowell,* 82 B.R. 998 (Bankr.W.D. Mo.1988).

The decree was again appealed, this time by the plaintiff. On December 6, 1988, the district court again remanded the action to this court.

In thus remanding the adversary proceeding to this court, the district court does not give any indication as to what the purpose of the initial remand was. It is simply said in the more recent order of remand that the district court only desired to know whether this court had relied upon the district court contempt order which was later set aside; that this court's report that it did not rely on the contempt order and that the contempt order was in fact irrelevant to the issue of denial of discharge was apparently satisfactory[2]; and that, accordingly, the court should enter a judgment which it believes to be factually and legally proper.

With some trepidation, the court concludes that this somewhat vague and ambiguous language means that the court is not bound by the district court's final determination in the civil contempt action and that that action was—as this court informed the district court—in fact irrelevant to the issue of denial of discharge in this action. If so, it is now appropriate for this court to adopt and incorporate herein all the findings of fact and conclusions of law made in the court's former decision, *Matter of Dowell,* 82 B.R. 998 (Bankr.W.D.Mo. 1988), except those relating to the principle of the law of the case, and accordingly, enter the judgment denying discharge.

The court does so with some lingering doubt because, in order to so conclude, it must assume that the prior remand had no purpose except to satisfy the curiosity of the district court on an admittedly irrelevant issue. This court's first set of findings of fact and conclusions of law, *see*

*Matter of Dowell,* 61 B.R. 75 (Bankr.W.D. Mo.1986), placed no reliance on the district court contempt order. Although this court, in that opinion, mentioned that it was "alleged" that a contempt order was violated, it also made it clear that the denial of discharge was predicated on the failure and refusal to file schedules. *See* 61 B.R. at 78 n. 13, to the effect that:

> [t]he present promise of debtor's counsel to file schedules does not relieve her of the liability for her initial failure and refusal to file them, insofar as that initial failure and refusal may justify the denial of a discharge in bankruptcy.

Further, even if this court had relied upon a violation of the district court contempt order as one of the grounds for denial of discharge, it would have been perfectly lawful to do so. *See* 82 B.R. at 1003 to the effect that "the provisions of section 727(a)(6)(A) of the Bankruptcy Code permit the bankruptcy court to predicate denial of discharge on an intentional contempt, even though the contempt may have been purged by the time the bankruptcy court enters its order denying the contemnor's discharge." But there was no suggestion in this court's prior findings of fact and conclusions of law that it had any sense of the district court's findings of fact or conclusions of law in the contempt order or relied upon them in any part.[3] If it was the district court's position in initially remanding this action to the bankruptcy court that it would have been inappropriate to do so,[4] then it could have relied upon the presumption which is usually applied by appellate courts to the effect that a trial court is presumed not to have relied on inadmissible evidence or other inappropriate considerations unless it does so expressly. "The admission of improper evidence before a jury is grounds for reversal if a party's substantial rights are affected ... In a judge-tried trial, however, 'the admission of incompetent evidence over objection will not ordinarily be a ground of reversal if there was competent evidence received sufficient to support the findings. The judge will be presumed to have dis-

---

**2.** In the order of remand of December 6, 1988, the district court pertinently observed that: "In its December 16, 1987, order, the bankruptcy court stated that because as of the date of its judgment, April 15, 1986, it 'had no knowledge of the precise status of contempt proceedings which had been earlier initiated in the district court ... This court (bankruptcy court) made no mention of those proceedings in its fore-

going findings of fact and conclusions of law and in fact considered those proceedings to be irrelevant to the action at bar.'"

**3.** See note 1, *supra.*

**4.** As seemed to be the sole reason behind the initial remand. If the remand was not for that purpose, then this court remains mystified as to what purpose it was intended to serve.

 

regarded the inadmissible and relied on the competent evidence.' E. Cleary, *McCormick on Evidence*, § 60, at 137 (2d ed. 1972)." *Plummer v. Western Intern. Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981).

Accordingly, for the foregoing reasons, this court will incorporate the findings of fact and conclusions of law contained in *Matter of Dowell*, 61 B.R. 75 (Bankr.W.D. Mo.1986), and *Matter of Dowell*, 82 B.R. 998 (Bankr.W.D.Mo.1988), except those relating to the doctrine of "law of the case," and deny the defendant's discharge in bankruptcy. But, because of the lack of clarity in the instructions issued by the district court in its order of remand, this court does so warily, but in the hope that the determination will not again be overturned on appeal. It is therefore hereby

ORDERED, ADJUDGED AND DECREED that the discharge in bankruptcy of the defendant Norma A. Dowell be, and it is hereby, denied.