569 F.2d 1066
 16 Fair Empl.Prac.Cas. 828, 16 Empl. Prac.
Dec. P 8149
Nancy S. BRADSHAW, Individually and in behalf of others who
are similarly situated, Plaintiff-Appellant,
v.
ZOOLOGICAL SOCIETY OF SAN DIEGO and Pete Wilson,
Individually and in his capacity as Mayor of the
City of San Diego and Chief Executive
Officer of the San Diego City
Council, Defendants-Appellees.
 No. 76-3528.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 3, 1978.
As Amended Feb. 17, 1978.
 
 Nancy S. Bradshaw, in pro per.
 Sharyn L. Danch (argued), of Equal Employment Opport. Comm., Washington, D. C., for plaintiff-appellant.
 Richard A. Paul (argued), San Diego, Cal., for defendants-appellees.
 On appeal from the United States District Court for the Southern District of California.
 Before MERRILL and ELY, Circuit Judges, and HARPER,* District Judge.
 MERRILL, Circuit Judge:
 
 
 1
 Appellant, Bradshaw, brought this action against appellees under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1983. In November, 1971, she had applied for the position of education director of the appellee zoo. Thereafter a male had been employed for the position. Appellant alleges employment discrimination on the basis of sex and marital status, and in retaliation for prior charges of discrimination. The district court granted summary judgment in favor of appellees, and this appeal followed.
 
 1. Limitations; Title VII
 
 2
 The district court concluded that appellant's Title VII claim was time barred. The Equal Employment Opportunity Commission had resorted to its practice, now discontinued, of giving notice to a claimant in two stages: first, notice of the Commission's inability to reach settlement with the employer and effect voluntary compliance, and, later, notice of the claimant's right to bring suit. By the Act, a claimant is required to bring suit within 90 days of notice from the Commission (1) that it had dismissed the charge, or (2) after 180 days had elapsed after the filing of the charge, that it had failed to bring suit, or (3) that it had failed to reach a conciliation agreement with the employer. 42 U.S.C. § 2000e-5(f)(1). The question presented to the district court was whether the 90-day period started to run from the first notice from the Commission or from the second. In this case, if the limitations period ran from the first notice, the suit was time barred; if it ran from the second, the suit was timely filed. The district court in granting summary judgment held that it ran from the first notice.
 
 
 3
 Since the decision of the district court, this court has held in Lynn v. Western Gilette, Inc., 564 F.2d 1282 (9th Cir. 1977), that when this two-letter procedure was followed the 90-day period starts to run from the second, or right-to-sue, letter. Accordingly the district court must be reversed on this ruling.2. Limitations; § 1983
 
 
 4
 The district court concluded that appellant's § 1983 claim was time barred. Section 1983 does not contain its own statute of limitations and the federal courts must apply the most analogous state statute of limitations. E. g., Briley v. California, 564 F.2d 849, 854 (9th Cir. 1977). This court has held that the three-year statute of limitations of California Code of Civil Procedure § 338(1) is applicable to § 1983 actions brought in California. Id. The question presented here is when California's three-year statute of limitations started to run on this claim; whether it ran from (a) the date on which the position sought by appellant was actually assumed by the successful applicant or filled to appellant's knowledge, or, (b) the date on which it was contractually filled by offer and acceptance. If, as appellant contends, the former is the rule, the suit was timely brought; if the latter, the suit is time barred. In holding the claim time barred the district court held that the statute commenced to run from the date the position was filled by offer and acceptance.
 
 
 5
 There may be some question whether California law or federal law is applicable here. See Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1971); Briley v. California, supra, 564 F.2d at 855. This question we need not resolve. While we find no federal authorities on the precise question, California law appears to hold that under the circumstances we are faced with the statute would not start to run until the claimant has notice. Pena v. Los Angeles, 8 Cal.App.3d 257, 87 Cal.Rptr. 326, 329 (1970). This holding we approve. We dislike a rule that would permit triggering of the statutory period by private communications between the employer and a third person, without notice to or knowledge of the claimant and unaccompanied by informative action open to the public. Accordingly we hold that, under federal or state law, the statute starts to run from the date on which the position sought was openly assumed by the successful applicant or was filled by him to appellant's knowledge. We conclude that the district court was in error in holding the § 1983 claim time barred.
 
 3. General and Punitive Damages
 
 6
 Appellant argues that although general and punitive damages may not be recoverable under Title VII, they are recoverable under § 1983. The district court, relying on EEOC v. Detroit Edison Co., 515 F.2d 301, 309 (6th Cir. 1975), vacated 431 U.S. 951, 97 S.Ct. 2669, 53 L.Ed.2d 267 (1977), held that where a § 1983 claim is joined with a Title VII claim, the § 1983 recovery is limited to conform to that under Title VII, and that general and punitive damages accordingly are not recoverable.
 
 
 7
 Since judgment of the district court below, the Supreme Court, in Johnson v. Railway Express Agency, supra, stated that "despite Title VII's range and its design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief." 421 U.S. at 454, 95 S.Ct. at 1719. Citing Johnson, the court in Allen v. Amalgamated Transit Union, 554 F.2d 876, 883 (8th Cir. 1977), cert. denied, --- U.S. ----, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977), affirmed an award of punitive damages in an action joining claims under Title VII and § 1981. We recognize that punitive damages are recoverable under § 1983 in appropriate circumstances. Gill v. Manuel, 488 F.2d 799, 801 (9th Cir. 1973); see Johnson v. Railway Express Agency, supra, 421 U.S. at 460, 95 S.Ct. 1716 (42 U.S.C. § 1981), citing Caperci v. Huntoon, 397 F.2d 799 (1st Cir.), cert. denied, 393 U.S. 940, 89 S.Ct. 299, 21 L.Ed.2d 276 (1968) (§ 1983). Such damages are not barred where the § 1983 claim is joined with a Title VII claim and we conclude that the district court was in error on this issue.
 
 
 8
 4. Striking Matter from Appellant's Complaint
 
 
 9
 Appellant attached to her complaint the EEOC "Determination of Probable Cause" from the Commission's administrative file. The district court granted appellees' motion to strike the document, relying on the holdings of federal district courts, e. g., Moss v. Lane, 50 F.R.D. 122 (W.D.Va.1970), to the effect that the administrative determination should not appear in the complaint if the action is one de novo.
 
 
 10
 The Supreme Court, in Chandler v. Roudebush, 425 U.S. 840, 863, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), noted that the Civil Service Commission's report was admissible in a federal employee's Title VII case, stating that "prior administrative findings made with respect to an employment discrimination claim, may, of course, be admitted as evidence at a federal-sector trial de novo. See Fed.Rule Evid. 803(8)(c)." 425 U.S. at 863, n. 39, 96 S.Ct. at 1961. In Smith v. Universal Services, Inc., 454 F.2d 154, 156-58 (5th Cir. 1972), it was held to be reversible error to refuse to admit an EEOC report. The court concluded that the report's highly probative nature outweighs any possible prejudice, and noted that it is admissible hearsay under the Federal Business Records Act, 28 U.S.C. § 1732.
 
 
 11
 In our judgment the Commission's Determination of Probable Cause was admissible evidence in a trial de novo on appellant's claim. This being so, there was little occasion to strike it from the complaint. The court's remark in granting the motion to strike to the effect that it was "to be given no weight in this court's determination of the case" was error. It remains with the district court, of course, to determine the degree of weight to be assigned to this evidence.
 
 
 12
 5. Summary Judgment on Appellant's Claim Respecting Membership Policies of Appellee
 
 
 13
 Membership in appellee Society carries with it an annual pass to the zoo. Appellee grants two types of membership: a single (for $14), and a dual (for $18). The latter is granted to two adults living in the same household. Appellant contends that this preference, granted to persons living together, violates her right to freedom of association and discriminates on the basis of marital status and wealth. She also complains that the appellee sends a copy of its newsletter to all members, and thus all who wish an annual zoo pass must buy the sheet whether they wish it or not. Appellant likens the membership charge to a poll tax.
 
 
 14
 We find no merit in appellant's claims in this respect. The right of admission to a zoo is not a fundamental right such as the right to vote. The price differential between single and dual memberships is rationally connected to the relative costs of such memberships to the zoo. We conclude that the district court was not in error in granting appellees summary judgment on this claim.
 
 
 15
 Reversed and remanded for further proceedings.
 
 
 
 *
 Honorable Roy W. Harper, United States District Judge for the Eastern District of Missouri, sitting by designation