Jeanette J. PLUMMER,
Plaintiff-Appellant,

v.

WESTERN INTERNATIONAL HOTELS
COMPANY, INC., Defendant-Appellee.

No. 79–3473.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1981.

Decided Sept. 14, 1981.

As Amended Nov. 24, 1981.
Rehearing and Rehearing En Banc
Denied Dec. 3, 1981.

Don S. Willner, Willner, Bennett, Bobbitt & Hartman, Portland, Or., for plaintiff-appellant.

Katherine H. O'Neil, Portland, Or., argued for defendant-appellee; Paul D. Dewey, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., on brief.

Before SNEED and BOOCHEVER, Circuit Judges, and CRAIG,* District Judge.

BOOCHEVER, Circuit Judge.

Jeanette Plummer, a black person, filed a civil rights suit against her employer, Western International Hotels Company (Western), alleging racial discrimination in passing her over for promotion despite her qualifications and seniority. The district court entered judgment on a jury verdict for Western. Plummer contends that the district court committed reversible error by excluding from evidence a finding of "reasonable cause" by the Equal Employment Opportunity Commission (EEOC), and by

* Honorable Walter Early Craig, Senior United States District Judge for the District of Arizona, sitting by designation.

applying Oregon's two year statute of limitations to limit her claim under 42 U.S.C. § 1981. We agree with both contentions, reverse the district court judgment for Western, and remand for a new trial.

FACTS

Plummer began working as a hostess for Western in 1960, and was promoted to general cashier in 1965, a position she held until her disability retirement in 1978. The parties agree that Plummer performed her job well, and witnesses for Western testified that Plummer was offered several opportunities for promotion, which she turned down.

In March of 1973, Wanda Goodrich, a white woman, was promoted to assistant controller, although she had less seniority than Plummer. At trial, Plummer testified that the job vacancy was never announced, and she claimed that Goodrich was promoted as a result of a "buddy system" which discriminated against Western's black employees. Plummer contended that she was equally qualified for the assistant controller position, and had more seniority than Goodrich. Western contended that Goodrich had more on-the-job training in accounting and actively pursued the promotion, while Plummer never expressed an interest in the job.

Because of the Goodrich promotion and other alleged acts of discrimination,[1] Plummer filed a discrimination complaint, with the EEOC on August 10, 1973. After a lengthy investigation, the EEOC found that there was "reasonable cause" to believe Plummer's charges of racial discrimination were true, and issued a determination dated October 19, 1976. After unsuccessful efforts at conciliation, Plummer was issued a right to sue letter on June 21, 1977. Plummer filed suit on July 1, 1977, claiming racial discrimination in promotion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1870, 42 U.S.C. § 1981.

Trial was held in May of 1979 in the district of Oregon, before visiting District Judge Waters. Although a jury trial is not generally available in a Title VII case, the Title VII and section 1981 claims were presented together. Therefore the case was tried before a jury.[2] In order to counter Western's testimony that it did not discriminate, Plummer sought to introduce the EEOC determination of reasonable cause that the discrimination charges were true. The court refused to allow introduction of the determination itself, although it informed Plummer's counsel that the underlying EEOC documentation was admissible.[3]

At the conclusion of trial, the court instructed the jury that for the purposes of the section 1981 claim, it should only consider Western's conduct after July 1, 1975. The court made this determination by applying Oregon's two year tort statute of limitations from the date of filing the suit, July 1, 1977. Or.Rev.Stat. § 12.110(1).[4] Therefore the main basis for Plummer's suit, the Goodrich promotion, was not part of the section 1981 cause of action. The jury did hear evidence on Western's conduct prior to July 1, 1975, however, in considering Plummer's Title VII cause of action.

---

1. The principal basis for Plummer's suit was that the promotion of Goodrich instead of her was the result of racial discrimination. Plummer also argued that Western practiced a continuous pattern of racial discrimination throughout her 18 year employment. She attempted to show that blacks were underrepresented in supervisory positions, whites were favored by an arbitrary promotion policy, and a hotel employee once made a derogatory racial comment.

2. *See* note 6 *infra.*

3. This arrangement was discussed in chambers prior to the court's ruling. Plummer's counsel cited *Bradshaw v. Zoological Society of San Diego*, 569 F.2d 1066 (9th Cir. 1978), for the proposition that an EEOC determination is admissible. In sustaining Western's objection to the determination, the court stated: "[f]or the record, I did indicate to plaintiff's counsel that should he desire to have marked and received the balance of the file, excluding therefrom the document entitled, 'Determination' that would be received." The court gave no reason on the record for excluding the determination.

4. *See* note 11 *infra.*

The jury returned a verdict for the defendant on both causes of action, and judgment was entered on June 11, 1979. Plummer appeals, challenging the exclusion of the EEOC determination and the application of Oregon's two year tort statute of limitations.

DISCUSSION

I. *Admissibility of the EEOC Determination*

Plummer sought admission of the EEOC reasonable cause determination as evidence of discrimination, relying on *Bradshaw v. Zoological Society of San Diego*, 569 F.2d 1066 (9th Cir. 1978). The district court sustained Western's objection to the admission of the determination. In *Bradshaw*, we held that it is reversible error for a trial court to strike an EEOC determination from a Title VII complaint, stating:

> In our judgment the Commission's Determination of Probable Cause was admissible evidence in a trial *de novo* on appellant's claim. This being so, there was little occasion to strike it from the complaint. The court's remark in granting the motion to strike to the effect that it was "to be given no weight in this court's determination of the case" was error. It remains with the district court, of course, to determine the degree of weight to be assigned to this evidence.

*Id.* at 1069. We recognized that a civil rights plaintiff has the right to a *de novo* trial in federal court, and while prior administrative determinations are not binding, they are admissible evidence. *Id.*; *Chandler v. Roudebush*, 425 U.S. 840, 863, 96 S.Ct. 1949, 1960, 48 L.Ed.2d 416 (1976).

*See Clark v. Chasen*, 619 F.2d 1330, 1337 (9th Cir. 1980) (administrative record compiled prior to trial is admissible evidence).

In *Bradshaw* we relied on the first case to address this issue, *Smith v. Universal Services, Inc.*, 454 F.2d 154, 156–58 (5th Cir. 1972).[5] The *Smith* court reversed the trial court's exclusion of an EEOC report and determination, because it would be a waste of EEOC manpower to exclude the highly probative report. The appellate court found that merely because the report was harmful to the defendant, it was not prejudicial. *Id.* at 157. *See Blizard v. Fielding*, 572 F.2d 13, 16 (1st Cir. 1978) (EEOC findings are entitled to great deference by district court, but failure to make reference to findings in court opinion is not reversible error).

Western makes the novel argument that *Bradshaw* should not apply in this case because Title VII and section 1981 claims were joined, and the case was tried to a jury.[6] In such a case, Western contends that the trial court should have discretion to exclude an EEOC determination because there is a danger that the jury might be confused. Presumably, in a bench trial the judge is capable of giving the determination appropriate weight. *See Bradshaw*, 569 F.2d at 1069. If the jury had been allowed to consider the EEOC determination, which was prepared pursuant to Title VII,[7] Western argues that the jury would have given the determination too much weight in evaluating the section 1981 cause of action.

---

**5.** Since *Smith*, other courts have rejected a per se rule of admissibility, instead holding that admissibility is within the discretion of the trial court. *E. g., Walton v. Eaton Corp.*, 563 F.2d 66, 75 (3d Cir. 1977) (en banc); *Cox v. Babcock and Wilcox Co.*, 471 F.2d 13, 15 (4th Cir. 1972). *See* B. Schlei & P. Grossman, *Employment Discrimination Law* 826 (1976) & 217 (Supp.1979) (discussing both approaches).

**6.** Because Title VII remedies are equitable in nature, jury trial is generally not available. 42 U.S.C. § 2000e–5(g); *Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir. 1975). Courts have allowed jury trials, however, when a Title VII claim is joined with legal claims under 42 U.S.C. §§ 1981, 1983, or 1985. *See, e. g., Seymore v. Reader's Digest Ass'n., Inc.*, 493 F.Supp. 257, 267 (S.D.N.Y.1980); *Tucker v. Harley Davidson Motor Co.*, 454 F.Supp. 738, 744 (E.D.Wis.1978); *Hodgin v. Jefferson*, 447 F.Supp. 804, 809–10 (D.Md.1978). The plaintiff has a right to jury consideration of all legal claims, as well as all issues common to both claims. *Curtis v. Loether*, 415 U.S. 189, 196 n.11, 94 S.Ct. 1005, 1009 n.11, 39 L.Ed.2d 260 (1974).

**7.** 42 U.S.C. § 2000e–5(b).

The cases applying the per se rule of admissibility did not involve jury trials. *Bradshaw*, 569 F.2d at 1069; *Smith*, 454 F.2d at 156–57. In *Bradshaw*, however, the plaintiff brought suit under both Title VII and 42 U.S.C. § 1983. 569 F.2d at 1067. Therefore the plaintiff may have requested a jury trial on remand. The court did not foreclose the possibility of jury consideration of the EEOC determination.

An EEOC determination, prepared by professional investigators on behalf of an impartial agency, has been held to be a highly probative evaluation of an individual's discrimination complaint. *See Bradshaw, id.; Peters v. Jefferson Chemical Co.*, 516 F.2d 447, 450–51 (5th Cir. 1975); *Smith*, 454 F.2d at 157. *But see Cox v. Babcock & Wilcox Co.*, 471 F.2d 13, 15 (4th Cir. 1972); *Smith*, 454 F.2d at 160–61 (Dyer, J., dissenting from denial of en banc rehearing). If we were to adopt the distinction between jury and non-jury trials urged by Western, in many cases *Bradshaw* could in effect be ignored and the value of EEOC determinations wasted. The factual background in a Title VII lawsuit based on racial discrimination will often support a cause of action under 42 U.S.C. § 1981 as well. *See Johnson v. Railway Express Agency Inc.*, 421 U.S. 454, 457–61, 95 S.Ct. 1716, 1717–20, 44 L.Ed.2d 295 (1975) (discussing the overlap between Title VII and section 1981). We believe that *Bradshaw* should apply to such cases even when the plaintiff requests a jury trial. *See* note 6 *supra*.

■ Admittedly, there is support for the general proposition that the admissibility of evidence varies between jury and non-jury trials. The admission of improper evidence before a jury is grounds for reversal if a party's substantial rights are affected.

Fed.R.Evid. 103(a); *Tipton v. Socony Mobil Oil Co.*, 375 U.S. 34, 36, 84 S.Ct. 1, 2, 11 L.Ed.2d 4 (1963). In a judge-tried trial, however, "the admission of incompetent evidence over objection will not ordinarily be a ground of reversal if there was competent evidence received sufficient to support the findings. The judge will be presumed to have disregarded the inadmissible and relied on the competent evidence." E. Cleary, *McCormick on Evidence* § 60, at 137 (2d ed. 1972) (footnote omitted).

Rule 103(c) of the Federal Rules of Evidence admonishes against inadmissible evidence "being suggested to the jury by any means." Here, however, we are dealing with evidence that is not only admissible, but has been held to be highly probative. There is therefore no more reason to keep the matter from a jury's consideration than from a judge's.

■ A civil rights plaintiff has a difficult burden of proof,[8] and should not be deprived of what may be persuasive evidence.[9] We therefore hold that the plaintiff has a right to introduce an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or whether the case is tried before a judge or jury. The district court erred in excluding the EEOC determination, and we reverse and remand.

II. *Statute of Limitations for the Section 1981 Claim*

■ The Civil Rights Act of 1870 does not contain any statute of limitations. Therefore a federal court will apply the most appropriate state statute of limitations for a cause of action under 42 U.S.C.

8. *See generally Hagans v. Andrus*, 651 F.2d 622 at 624–28 (9th Cir. 1981); *Correa v. Nampa School Dist. No. 131*, 645 F.2d 814, 816 (9th Cir. 1981). Although the burden of production shifts to the defendant once a plaintiff establishes a prima facie case of discrimination, the burden shifts back to the plaintiff to show "pretext" if the defendant can present non-discriminatory reasons for the discrimination. *Correa, id.* Moreover, the ultimate burden of persuasion remains with the plaintiff through-

out the proceedings. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

9. The defendant, of course, is free to present evidence refuting the findings of the EEOC and may point out deficiencies in the EEOC determination on remand. Such evidence would go to the weight to be given by the trier of fact to the EEOC determination. *Bradshaw*, 569 F.2d at 1069.

§ 1981. *Johnson v. Railway Express Agency Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). The district court instructed the jury[10] to disregard all evidence of Western's conduct before July 1, 1975, for the purposes of the section 1981 action. The court applied Oregon's two year statute of limitations for tort actions to limit the scope of Plummer's lawsuit.[11] Or.Rev.Stat. § 12.110(1).[12] Plummer contends[13] that Oregon's six year limitations period for "liability created by statute" should have been applied, and we agree. Or.Rev.Stat. § 12.080(2).[14]

In this circuit we apply a state "liability created by statute" limitations period when one is available to civil rights actions. *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 662–63 (9th Cir. 1980) (California); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (California); *Clark v. Musick*, 623 F.2d 89, 90–92 (9th Cir. 1980) (Oregon); *Tyler v. Reynolds Metal Co.*, 600 F.2d 232, 234 (9th Cir. 1979) (Arizona). *See also Shouse v. Pierce County*, 559 F.2d 1142, 1146–7 (9th Cir. 1977) (court would apply such statute if Washington had one). This is because the civil rights legislation[15] created rights and remedies independent from common law tort and contract actions. *Bratton*, 649 F.2d at 663.

In *Clark*, we held that the appropriate Oregon statute for a cause of action under 42 U.S.C. § 1983 is the six year period in Or.Rev.Stat. § 12.080(2), and we disapproved of the Oregon District Court opinions relied on by Western. 623 F.2d at 90–92. There is no basis for distinguishing between civil rights actions brought under sections 1981 and 1983. *Bratton*, 649 F.2d at 663. Both statutes "borrow" the most appropriate state limitations period. *See, e. g., Clark*, 623 F.2d at 90 (section 1983); *Tyler*, 600 F.2d at 234 (section 1981). The district court therefore erred[16] in applying the two year period and should apply the six year period in Or.Rev.Stat. § 12.080(2) on remand.

CONCLUSION

Because of the probative nature of an EEOC determination of probable cause to believe discrimination charges are true, such evidence is admissible in a Title VII lawsuit even when tried before a jury. The district court erred in excluding Plummer's offer of that evidence at the trial. We also find that the district court erred in applying Oregon's two year tort statute of limitations to Plummer's cause of action under 42 U.S.C. § 1981. We therefore reverse the

---

**10.** The trial court may instruct the jury that the admission of the report does not conclusively establish discrimination, and the jury may disregard any portions of the report which it finds to be inaccurate.

**11.** The parties do not dispute the propriety of applying the limitations period back in time from the date of the lawsuit to limit jury consideration, rather than applying the statute to bar the entire claim.

**12.** Or.Rev.Stat. § 12.110(1) provides:

An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

**13.** Plummer also contends that timely filing of the EEOC charge should toll the section 1981 limitations period. This argument was squarely rejected in *Johnson v. Railway Express Agency Inc.*, 421 U.S. 454, 457–67, 95 S.Ct. 1716, 1718–23, 44 L.Ed.2d 295 (1975). Moreover, we have held that *Johnson* applies retroactively. *Kirk v. Rockwell International Corp.*, 578 F.2d 814, 820 (9th Cir.), *cert. denied*, 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978).

**14.** Or.Rev.Stat. § 12.080(2) provides:

An action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110; ... shall be commenced within six years.

**15.** 42 U.S.C. §§ 1981–1986.

**16.** Western makes a persuasive argument that the error was harmless. Fed.R.Civ.P. 61. The jury heard evidence on the 1973 Goodrich promotion, which is the principal basis for the lawsuit, but only for the purpose of the Title VII cause of action. The jury found no violation of Title VII. Since Plummer failed to establish a Title VII violation, a logically consistent jury could not have found a violation of 42 U.S.C. § 1981, whose standards are more stringent, on the same facts. *Contreras v. City of Los Angeles*, 656 F.2d 1267 at 1271 n.2 (9th Cir. 1981). Because we are remanding on the evidentiary issue discussed in Section I, however, it is unnecessary to determine whether the statute of limitations error was harmless.

judgment for Western, with instructions to admit the EEOC determination and apply Oregon's six year limitations period on remand.

REVERSED AND REMANDED.