Wes **BALDWIN, et al., Plaintiffs,**

v.

**Donald B. RICE, Secretary of the Air Force, Defendant.**

**No. CIV. S–90–1560 GGH.**

United States District Court, E.D. California.

Oct. 1, 1992.

As Amended Oct. 26, 1992.

Weš Baldwin, in pro. per.

Joseph Maloney, U.S. Attorney's Office, Sacramento, Cal., for defendant.

AMENDED MEMORANDUM
OF DECISION

HOLLOWS, United States Magistrate Judge.

The issue raised by defendant's motion-in-limine concerns the admissibility in this employment discrimination action of the written decision rendered by an administrative law judge of the California Unemployment Compensation Appeals Board.

BACKGROUND

Plaintiff filed the underlying complaint pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e et seq., against defendant Rice, Secretary of the Air Force. Plaintiff alleges employment discrimination based on race resulting in a termination of his employment. He further alleges that his termination was occasioned by retaliation for his having filed an EEO complaint.

■ Plaintiff is a Black male who was employed from August 8, 1989, to March 16, 1990, at McClellan Air Force Base. He was hired to do electrical repair work, and then terminated while still a probationary employee. Plaintiff's problems began when he injured his right hand in February, 1990. He was restricted to light duty as a result, and removed from the area of his immediate supervisor, McElheny, where he had been doing heavier work, or at least work that required the fine motor control of his injured hand. It is disputed whether he was then nevertheless given tasks of a difficult nature and treated differently from a white employee who had also sustained an injured hand. Soon afterward, a dispute arose as to the nature of plaintiff's absences from work, and whether those absences were authorized or not. Further disputes center about plaintiff's later reporting to work with alcohol on his breath while he was in the process of attempting to obtain medical clearance from a private doctor. Mr. McElheny, plaintiff's supervisor, charged plaintiff with reporting to work with alcohol on his breath. The problems continued with plaintiff's refusal to take a breath test to determine the level of alcohol, if any, in his system. Not surprisingly, the parties debate the cooperativeness of plaintiff during the period of his problems. He was terminated from employment when his probationary status came up for review a short time later. Plaintiff filed an EEO[1] claim February 21, 1991. This claim was not resolved satisfactorily to plaintiff, and he commenced his district court action on December 13, 1991.

## THE DOCUMENT SOUGHT TO BE EXCLUDED

Plaintiff seeks to introduce the decision of the administrative law judge of the California Unemployment Appeals Board who presided over the dispute between plaintiff and the Air Force concerning plaintiff's eligibility for unemployment benefits. The Air Force disputes the relevancy and hence admissibility of this document. F.R.Evid. 402. If relevant, the Air Force contends that admission of the document would be unduly prejudicial and would tend to confuse the trier of fact. F.R.Evid. 403.

When plaintiff was terminated from the Air Force, he sought unemployment benefits. The Air Force challenged plaintiff's right to these benefits because it believed plaintiff had been terminated due to misconduct on the job. On April 4, 1990, plaintiff received notice of his initial eligibility for unemployment benefits. The Air Force appealed this determination, and on May 1, 1990, a hearing was held before an administrative law judge. At the hearing, plaintiff and his supervisor, McElheny (one of the persons plaintiff identifies in this case as the "ADO" (alleged discriminating official)), appeared and testified. The judge issued the decision in controversy here on May 4, 1990. In pertinent part the ALJ held:

> In this case the weight of the evidence establishes that the claimant had not drank intoxicating beverages prior to talking to his supervisor on the telephone and/or at the time he reported for work. The odor on the claimant's breath was caused by his mouthwash and not from alcohol. The claimant's belief that when the employer's physician instructed him to obtain additional medical evidence from his personal physician, that he was not to return to work until he obtained that information, is not inherently improbable. The claimant obtained a medi-

---

**1.** In federal employee discrimination actions, the informal and formal complaint are filed with the agency's Equal Opportunity Office (EEO). The EEO officer is an employee of the allegedly offending agency. Plaintiff may appeal the resolution of his formal complaint to the Equal Opportunity Employment Commission (EEOC) which issues a final administrative decision. A federal employee is not required to appeal to the EEOC prior to commencing a federal court action.

cal appointment with his personal physician as quickly as possible. That claimant's action in refusing to take the intoxylizer test without consulting his union representative was a legally protected right which will not establish that he intentionally disregarded his employer's interest. The claimant's action in leaving his job site to obtain a blood test from his private physician was at most an isolated incident of poor judgment. The employer has not carried its burden of proof. It follows that the claimant's discharge was for reasons other than misconduct connected with his work within the meaning of section 1256 of the code.

The burden of proof rests with the employer at such a hearing to show "misconduct," i.e., an important breach of a duty that the claimant owes to the employer and which injures the employer. *See, Prescod v. Unemployment Ins. Appeals Board*, 57 Cal. App.3d 29, 127 Cal.Rptr. 540 (1976); *Maywood Glass Co. v. Stewart*, 170 Cal.App.2d 719, 339 P.2d 947 (1959).

The Air Force appealed the decision of the ALJ to a three judge panel of the California Unemployment Insurance Appeals Board. On August 2, 1990, the Board affirmed the decision of the ALJ. One judge dissented. Based on a review of the record, the Board did not find that the ALJ's decision was against the weight of the evidence.

## ADMISSIBILITY OF CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD DECISION

■ Prior EEOC or agency administrative findings are admissible in federal court trials on employment discrimination claims. *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, n. 39, 48 L.Ed.2d 416 (1976). The Ninth Circuit has also held EEOC or federal agency determinations to be per se admissible in a trial *de novo*. *Bradshaw v. Zoological Soc. of San Diego*, 569 F.2d 1066 (9th Cir.1978). The court has discretion only to determine the degree of weight to be accorded the evidence. *Id.* at 1069. Although this case was decided prior to any jury trial right, the Ninth Circuit extended the rule of admissibility to § 1981 claims which involve jury trials, and also held that the rule applies in Title VII actions, regardless of whether the trial is one before the court or the jury. *Plummer v. Western International Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir.1981).[2] Therefore, the fact finder now decides the weight to be given this evidence. *Id.* at 505; *Sumner v. San Diego Urban League, Inc.*, 681 F.2d 1140, 1143 (9th Cir.1982).[3]

---

**2.** A related issue raised at the hearing on this motion concerns how much of the record of the administrative proceedings to admit into evidence (the unemployment decision was included in the agency record). The administrative record often contains declarations of witnesses who will be testifying at trial, filled with several levels of hearsay, exhibits with dubious evidentiary admissibility, and a multitude of documents irrelevant to the court proceedings. The court should exercise its discretion, especially in cases that are to be decided by a jury, not to denigrate the trial *de novo* to which the parties are entitled by filling the jury room with the entire administrative record. Although portions of the administrative record may be helpful to the jury, the verdict at trial should be one based on all the evidence at trial without overwhelming emphasis given to the administrative proceedings. *See, Jordan v. Clark*, 847 F.2d 1368, 1378 (9th Cir.1988), holding that the amount of record to admit into evidence is within the discretion of the court, but noting that in a court trial, the judge will be presumed to have ignored the inadmissible evidence. *Id.* at fn. 13. Such a presumption cannot exist with the jury as the trier of fact.

**3.** Although the root of the admissibility of administrative decisions in discrimination cases is the cryptic footnote in *Chandler,* the admissibility of the administrative report also gains validity from the present well settled admissibility of administrative reports as "public records." *Beech Aircraft v. Rainey*, 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). Even reports containing conclusions as opposed to mere factual recitations are admissible so long as the conclusions are factually based and trustworthy. *Id.* Admission of administrative reports before the court and juries is thus commonplace. *See* e.g., *Moss v. Ole South Real Estate*, 933 F.2d 1300 (5th Cir.1991) (Air Force evaluation in a housing discrimination case held to be admissible); *In re Aircrash in Bali, Indonesia*, 871 F.2d 812 (9th Cir.1989) (FAA report detailing cause of the crash held to be admissible); *Masemer v. Delmarva Power & Light Co.*, 723 F.Supp. 1019 (D.Del.1989) (OSHA report admissible in mine accident case). The Air Force here has made no public records objection, and such would not be sustained here in any event. The conclusions in the Unemployment Board ALJ's decision are both factually based and trustworthy. *See* discussion, *infra*.

■ Only a few cases specifically discuss the admissibility of Unemployment Insurance Appeals Board decisions. *Barfield v. Orange County*, 911 F.2d 644, 651 (11th Cir.1990) upheld a trial court's determination to admit an EEOC report as well as a Florida Unemployment Appeals Commission decision. However, there was little specific discussion of the unemployment decision itself. In *Warren v. Quality Care Service Corp.*, 603 F.Supp. 1174 (W.D.N.Y. 1985), the court held that a prior state unemployment insurance appeals board's decision would collaterally estop plaintiff in his Title VII action.[4] The issue of whether defendant had a legitimate non-discriminatory reason to terminate plaintiff was already adjudicated at the administrative level where defendant established that plaintiff was fired for misconduct. *Id.* at 1176. Another New York opinion was a discrimination case deciding the parties' cross-motions for summary judgment. *Fitch v. R.J. Reynolds Tobacco Co.*, 675 F.Supp. 133 (S.D.N.Y.1987). The court admitted the appeals board decision with the caveat that it should be given weight according to the nature of the administrative proceeding and the extent of participation of the parties in that proceeding. *Id.* at 138.

■ This court decides to admit the administrative decision for several reasons. Firstly, the record contains a decision on the facts that is directly pertinent to the issues in this case. The ALJ made specific findings concerning plaintiff's non-intoxication and non-AWOL status that need to be ultimately resolved here by the trier of fact. As such, the ALJ's findings are highly relevant. The Air Force claims as its articulated legitimate reasons for firing plaintiff that it terminated the employment status of plaintiff due to misconduct; the fact that the ALJ found these reasons to be lacking in merit is the essence of demonstrating pretext (the plaintiff's burden).

Although the unemployment ALJ was not deciding discrimination issues *per se*, he was deciding factual issues that are highly pertinent in this discrimination case. As pointed out in *Plummer*, 656 F.2d at 505, a Title VII plaintiff has a difficult burden such that it ultimately remains with him. Therefore, he should not be deprived of potentially persuasive evidence as might be found in an administrative record. *Id.* Any disadvantage to defendant can be addressed by referring to deficiencies in the record or other evidence which discredits the administrative findings. *Id.* at 505, n. 8.

Moreover, the Air Force participated fully in the unemployment appeals process; the decision was not occasioned by the absence of their input. Indeed, in the Air Force administrative decision finding no discrimination, which is sought to be introduced by the Air Force, and for which the cases have no evidentiary problem, there was no live testimony before a neutral fact-finder, nor was there an administrative review of the decision. If the Air Force determinations are relevant to the issues here, so too must those of the ALJ on the same underlying factual issues.

Defendants' arguments that the policy behind California's Unemployment Insurance Code is to favor the unemployed claimant, and that the Air Force had the burden of proof in that process, which is not the case here, are not persuasive in the context of this case. The former argument refers only to the liberality of interpreting the law. It does not suggest that fact finding will be distorted in order to aid a claimant. Moreover, the ALJ's decision went much further than merely finding that the Air Force had not met its burden. The ALJ found that "the weight of the evidence" was in favor of plaintiff's version of the facts. Thus, who had the burden of proof at the unemployment hearing was an

---

**4.** Decisions of the California Unemployment Insurance Appeals Board will not be given preclusive effect. The statutes that govern the state administrative proceedings contemplate judicial review before a decision is final in the judicial sense. Cal.Unemp.Ins.Code § 410, and the California cases hold that these administrative decisions are not *res judicata* in later civil actions. *Pratt v. Local 683, Film Technicians etc.*, 260 Cal.App.2d 545, 67 Cal.Rptr. 483 (1968). In addition, the Ninth Circuit has refused to extend collateral estoppel effect to the Appeals Board decisions. *Mack v. South Bay Beer Distributors Inc.*, 798 F.2d 1279 (9th Cir.1986).

inconsequential aspect as it relates to the admissibility of the report in this case. Even if plaintiff had been compelled to shoulder the burden before the ALJ, he would have carried it.[5]

The Air Force further argues, citing *Mack v. South Bay Beer Distributors Inc.*, 798 F.2d 1279 (9th Cir.1986), that the fact that the ALJ unemployment decision could not be given collateral estoppel effect in a discrimination action indicates that it should also be held inadmissible. Such an argument cannot prevail in that EEO administrative proceedings are also not given preclusive effect, *Chandler, supra,* yet the courts have found them highly relevant. Admissibility of evidence requires less rigorous standards than collateral estoppel. In addition, although the *Mack* court determined that the employer in its case did not have the same incentive to fight the unemployment claims as it did the discrimination litigation, such cannot be said here as the Air Force produced a live witness at the hearing and appealed the decision. The Air Force appears to have been very motivated to fight plaintiff's unemployment claim. Moreover, the Ninth Circuit in a case involving unfair labor practices has expressly referenced the administrative decision of the California Unemployment Appeals Board as a decision, while not final, as one that showed "proof that there could exist some substantial evidence ... from which it could be inferred that employee misconduct, and not union activities, was [the cause of the discharge.]" *Salinas Valley Broadcasting Corp. v. NLRB*, 334 F.2d 604, 612 (9th Cir.1964). The ALJ's decision in this case would be given to the jury in the same vein—not as a final determination binding their judgment, but as potential, substantial evidence disproving employee misconduct as a reason for plaintiff's discharge.

■ Although the parties have not briefed the applicability of Cal.Unemployment Ins.Code § 1960 to the issue of the admissibility of the Board decision, the statute requires discussion. Section 1960 provides:

> Any finding of fact or law, judgment, conclusion, or final order made by a hearing officer ... shall not be used as evidence in any separate or subsequent action or proceeding, between an individual and his present or prior employer brought before an arbitrator, court, judge of this state or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts.

There can be no doubt, however, that a state legislature cannot purport to make binding pronouncements of law concerning what evidence may be privileged or otherwise inadmissible in a federal court action involving claims based on federal law. F.R.Evid. 501 (state privilege law binding only in actions where state law controls the merits of a claim or defense). *See, Kerr v. U.S.D.C. (N.D.Cal.)*, 511 F.2d 192, 197 (9th Cir.1975) *aff'd. on procedural grounds,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976), refusing to apply state statutory privilege law in a federal civil rights action. On the other hand, the determination of a state legislature that certain agency proceedings are not to be utilized in court proceedings should not be dismissed lightly. A state legislature is presumed to know the process by which unemployment insurance disputes are decided and is in a good position to evaluate the weight to give to such a process. Moreover, for the most part, decisions of fact or law should not differ simply because the court in which one happens to litigate is federal as opposed to state.

The court confirms its decision to admit the Board findings despite the state statute for the reasons previously discussed. The state's concern that unemployment dispute proceedings do not provide sufficient incentive for the parties to litigate a particular

---

5. Further, employers carry the burden of proof in the unemployment appeals process because they are the ones with the best access to the pertinent information. *Garcia v. Industrial Accident Com.*, 41 Cal.2d 689, 694, 263 P.2d 8 (1953). This holding only makes common sense, and should not degrade from the accuracy of the ALJ's findings, but rather, should improve that accuracy.

dispute, *see, Mahon v. Safeco Title Ins. Co.*, 199 Cal.App.3d 616, 245 Cal.Rptr. 103 (1988), has not been borne out in the present circumstances. Further, as noted previously, the Board decision was part of the EEO file in this case. Most significantly, the Board decision, whose stated procedures in this case included live testimony from both parties, appears to be at least as reliable as an EEO investigation which in this case was performed solely on untested interviews and declarations. *Plummer* has indicated that such administrative reports should be admitted in a federal discrimination action. *See also, Barfield v. Orange County, supra.* While there may be Board proceedings which are so scanty that admission of their findings would be more misleading than probative, such is not the case here.

CONCLUSION

Based on the foregoing discussion, the court finds the ALJ's California Unemployment Appeals Board decision to be relevant evidence which is not unduly prejudicial in light of its probative value, nor is it confusing or misleading. Defendant's motion-in-limine is denied.

IT IS SO ORDERED.