19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bonnie A. FITZSIMONS, a single woman, Plaintiff-Appellee,
v.
JC PENNEY COMPANY, INC., a Delaware corporation, Defendant-Appellant.
 No. 92-16600.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1994.
Decided Feb. 15, 1994.
 
 1
 Before: SCHROEDER and NOONAN, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The J.C. Penney Company appeals from a district court judgment awarding damages to the plaintiff-appellee Fitzsimons under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. Secs. 2000e et seq., and on her pendent state law tort claims. Following a jury verdict in Fitzsimons' favor on the state law claims, and after making its own determination on the Title VII claim, the court entered judgment in favor of Fitzsimons in the amount of $140,000--$70,000 in compensatory damages and $70,000 in punitive damages--plus attorney's fees and costs.
 
 
 4
 J.C. Penney first claims that the district court erred by denying its motion for directed verdict at the close of the evidence because Fitzsimons failed either to establish a prima facie case of discrimination or to produce evidence that her termination was due to her pregnancy. Notwithstanding her failure to show that she was replaced by someone outside the protected class, Fitzsimons offered abundant evidence "to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act." Norris v. San Francisco, 900 F.2d 1326, 1329-30 (9th Cir.1990) (citing Teamsters v. United States, 431 U.S. 324 (1977)). There was evidence that the defendant's management significantly changed its behavior toward the plaintiff after learning of her pregnancy, finding fault where none had been found before. In addition, the evidence fully supports the district court's findings that management initially fabricated the reasons for its termination of the plaintiff.
 
 
 5
 Not only does this evidence establish a prima facie case, it also supports the factfinder's ultimate finding of discrimination. Appellant's reliance on the recent decision of the Supreme Court in St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742 (1993), is misplaced. In Hicks, the Court merely held that a court could not enter summary judgment in favor of a plaintiff upon a finding of pretext alone. Nothing in Hicks suggests that the factfinder may not consider evidence of pretext in determining whether there was discrimination. In fact, the Court noted that a showing of pretext alone is sufficient to support a factfinder's discrimination determination. Hicks, 111 S.Ct. at 2749 ("rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and ... no additional proof of discrimination is required.") (emphasis in original, footnote omitted). Moreover, the record contains other affirmative evidence of discrimination; the finding of discrimination was not dependent upon evidence of pretext only.
 
 
 6
 Appellant next claims that the district court abused its discretion by refusing to allow J.C. Penney to call Fitzsimons' expert on damages as a witness. J.C. Penney sought to challenge the plaintiff's testimony as to damages, and her credibility in general, with the expert's testimony. The court declined to permit the expert to testify because the expert had not arrived at the court before the close of evidence. The court's decision not to order a continuance was not an abuse of discretion, Price v. Seydel, 961 F.2d 1470, 1474 (9th Cir.1992), and we are reluctant to tell the district court how to conduct trials. We note that appellant had advance notice that the expert would not be called by Fitzsimons, and any prejudice was minimized by the fact that the appellant, armed with the expert's deposition testimony, had the opportunity to cross-examine the plaintiff.
 
 
 7
 Appellant's final contention is that the district court erred by refusing to admit into evidence the EEOC's no probable cause determination letter. The letter was admitted in the Title VII case, but was not presented to the jury. The letter on its face does not reflect that the EEOC's determination was based on the type of searching and reliable investigation which precedes an EEOC probable cause determination. See Plummer v. Western Int'l Hotels Co., 656 F.2d 502, 505 (9th Cir.1981). The district court was well within its discretion in determining that the EEOC's determination would have little probative value before the jury. Moreover, the EEOC's bases for its determination were cumulative of evidence that appellant was free to introduce at trial. The district court's refusal to admit it was not an abuse of discretion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3