**U.S. EQUAL EMPLOYMENT OP-PORTUNITY COMMISSION,**
Petitioner,

v.

**PINAL COUNTY and Pinal County Sheriff's Office, Respondents.**

Case No. 10–CV–0473–JLS (JMA).

United States District Court,
S.D. California.

April 30, 2010.

Connie K. Liem, U.S. Equal Employment Opportunity Commission, San Diego, CA, for Petitioner.

James Michael Jellison, Jellison Law Office PLLC, Phoenix, AZ, for Respondents.

## ORDER GRANTING EEOC'S MOTION TO QUASH DEPOSITION SUBPOENA [Doc. 1]

JAN M. ADLER, United States Magistrate Judge.

On March 4, 2010, Petitioner U.S. Equal Employment Opportunity Commission ("EEOC") filed a motion to quash deposition subpoena and an application to stay compliance with the subpoena pending the Court's ruling on the motion to quash. Doc. 1. On March 9, 2010, the Court issued an Order setting a briefing schedule on the motion to quash and staying compliance with the subpoena pending a ruling on the motion. Doc. 2. Respondents Pinal County and Pinal County Sheriff's Office ("Respondents") filed an opposition to the motion. Doc. 3. Glenn S. Millsaps, the plaintiff in the underlying action, filed a joinder to the motion. Doc. 5. For the reasons set forth below, Petitioner's motion to quash deposition subpoena is **GRANTED**.

## I. BACKGROUND

During 2006 and 2007, the plaintiff in the underlying case, Glenn S. Millsaps ("Millsaps"), filed charges of racial discrimination and retaliation with the EEOC against his employer, Respondent Pinal County. Mot. to Quash ("Mot.") at 2. On September 30, 2008, the EEOC issued letters of determination which found as follows:

The Charging Party [Millsaps] alleges that the Respondent [Pinal County] engaged in employment practices made unlawful by Title VII, by failing to hire/re-hire him to the position of Detention Captain on the basis of retaliation for opposing violations under Title VII. Respondent denies the allegations.

Examination of the evidence reveals reasonable cause to believe that Charging Party's claim of non hire/re-hire into another County position is true and that Respondent discriminated against Charging Party on the basis of retaliation for alleging discrimination with the Probation Department on or about February 2006. This is in violation of Title VII.

Resp. to Mot. ("Resp."), Ex. A.[1] The letters were executed by Raul Green, then Acting Director of the EEOC's San Diego Local Office. *Id.;* Mot. at 2–3. Shortly thereafter, the EEOC issued Millsaps his Notices of Right to Sue. Mot. at 3.

Millsaps commenced suit against Respondents in the United States District Court, District of Arizona in *Millsaps v. Pinal County Superior Court Dep't of Adult Prob.,* et al., Case No. CV09–00761–PHX–ROS *("Millsaps* action"). The EEOC is not a party to the *Millsaps* action. On November 4, 2009, the EEOC, pursuant to a subpoena *duces tecum,* produced a copy of its files regarding Millsaps' charges and a privilege log listing all documents withheld from production on the basis of privilege. Mot. at 3, Ex. 3. The EEOC's document production consisted of "hundreds of pages of documents." Liem Decl., attached as Ex. 2 to Mot., ¶ 3.

---

1. Although the EEOC makes reference to the issuance of "letters" of determination regarding Millsaps' charges *(see* Mot. at 2), a copy of only one such letter was provided to the Court. The Court presumes that the letters of determination on each of Millsaps' charges were of the same or substantially similar content.

On February 3, 2010, Respondents issued a subpoena out of this Court which commanded Raul Green, Acting Director, to appear for a deposition in San Diego. Mr. Green is also not a party to the *Millsaps* action. The EEOC now seeks to quash the subpoena on the bases that the deposition is unnecessary and will not lead to the discovery of admissible evidence, less intrusive alternative means of discovery exist, the deposition would be cumulative and duplicative of other discovery, the information sought is not discoverable as it is protected from disclosure under the government deliberative process privilege, and appearing for the deposition would create an undue burden on the EEOC. Respondents contend that because the factual basis for the EEOC's probable cause finding is not set forth in the letter of determination, a deposition of Green is necessary "for purposes of clarification and interpretation" of the determination letter and to "understand the factual basis for the EEOC's determination." Resp. at 1, 2, 3.

## II. LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Discovery is subject to the limitations set forth in Rule 26(b)(2)(C) which provides, in relevant part:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules … if it determines that:

 (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

 (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

 (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii). With respect to subpoenas, the court out of which a subpoena is issued must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii) & (iv).

## III. DISCUSSION

In the Ninth Circuit, an EEOC determination of probable cause is admissible evidence at trial on a plaintiff's Title VII claim. *See Plummer v. Western Int'l Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir.1981). This is because "[a]n EEOC determination, prepared by professional investigators on behalf of an impartial agency, has been held to be a highly probative evaluation of an individual's discrimination complaint." *Id.* "A civil rights plaintiff has a difficult burden of proof,[ ] and should not be deprived of what may be persuasive evidence." *Id.* An EEOC's "finding of probable cause does not suggest to the jury that the EEOC has already determined that there has been a violation. Rather, it suggests that preliminarily there is reason to believe that a violation has taken place." *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir.1986). The *Plummer* court, in holding that a plaintiff has a right to

introduce an EEOC probable cause determination in a Title VII lawsuit, also observed, "The defendant, of course, is free to present evidence refuting the findings of the EEOC and may point out deficiencies in the EEOC determination. . . ." *Plummer*, 656 F.2d at 505 n. 9. The defendant may not, however, litigate the nature and extent of an EEOC investigation. *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir.1984); *EEOC v. NCL America, Inc.*, 536 F.Supp.2d 1216, 1221–22 (D.Hawai'i 2008). "That line of inquiry would deflect the efforts of both the court and the parties from the main purpose of [Title VII] litigation: to determine whether [the defendant] has actually violated Title VII." *Keco Indus.*, 748 F.2d at 1100 (citation omitted).

## A. The Information Sought is Protected From Disclosure by the Deliberative Process Privilege

 The purpose of the "deliberative process" privilege is to "encourage frank and open discussions of ideas" in order to improve the governmental decision-making process. *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988). The relevant inquiry when examining applicability of the privilege is whether "disclosure of materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Assembly of State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir.1992) (citation omitted). Predecisional materials are privileged "to the extent that they reveal the mental processes of decision-makers." *Id.* (citing *Nat'l Wildlife Fed'n*, 861 F.2d at 1119). "[W]henever the unveiling of factual materials would be tantamount to the 'publication of the evaluation and analysis of the multitudinous facts' conducted by the agency, the deliberative process applies." *Nat'l Wildlife Fed'n*, 861 F.2d at 1119 (citation omitted).

Respondents rely upon three cases to support their proposition that a deposition of Mr. Green is permissible in order to refute the findings of the EEOC determination letter and to "demonstrat[e] its deficiencies" in accordance with *Plummer*. Each of these cases is distinguishable. In *Little v. Auburn Univ.*, 2010 WL 582083 (M.D.Ala.2010), the EEOC sought to quash a subpoena seeking a deposition of a principal case investigator because, *inter alia*, the information known to the investigator was protected by the deliberative process privilege, and because all necessary information, including notes and other documentation taken by the investigator during the investigation, had already been produced in discovery. *Little*, 2010 WL 582083 at *1. The court found that because the defendant sought to *clarify factual information contained in the EEOC's investigative file*, by asking questions about ambiguous references in the documents and illegible handwritten notations in the file, the deliberative process privilege did not apply, and the deposition should go forward. *Id.* (emphasis added).

The court in *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D.Cal.2009), similarly permitted the deposition of an EEOC investigator to go forward in order to *clarify factual information contained in its investigative file* and to answer questions about ambiguous factual references contained therein which the defendant had specifically identified. *California Psychiatric*, 258 F.R.D. at 397–98 (emphasis added). Although the defendant initially sought to take a deposition regarding "any and all findings, recommendations, and conclusions made by the EEOC in response to the charges of discrimination made by the Charging Parties," the court made clear that only "factual aspects of the material" could be

clarified, and that any "conclusions, interpretations, or recommendations that the investigator formulated would be subject to" the deliberative process privilege. *Id.* at 397.

In *EEOC v. LifeCare Management Servs., LLC,* 2009 WL 772834 (W.D.Pa. 2009), the court permitted the deposition of an EEOC representative to go forward after reviewing the defendants' notice of deposition and finding that the defendants sought only to obtain facts secured by the EEOC during its investigation. *LifeCare,* 2009 WL 772834, at *2. The court noted that the defendants were not seeking information concerning the EEOC's opinions, analysis, or legal theories regarding the charge. *Id.*

Here, in contrast to the above cases, Respondents have made no argument that the investigative files produced by the EEOC require any clarification or contain any ambiguity. Indeed, Respondents have provided no information to the Court about the content of those documents and why the documents do not answer the questions Respondents have concerning the factual basis for the EEOC's probable cause determination. Instead, Respondents seek to obtain clarification and interpretation of *the EEOC's determination letter itself,* a wholly different, and broader, matter than the discrete factual clarifications sought by the defendants in the above three cases. "Clarification and interpretation" of the EEOC's determination letter would undoubtedly require revealing information about the EEOC's deliberative process, such as its analysis of the information obtained, its witness credibility evaluations, its evaluation of the evidence, the personal opinions of EEOC representatives, and the decision-making process of the EEOC. Such information is protected from disclosure by the deliberative process privilege. *Assembly of State of Cal.,* 968 F.2d at 920. As the EEOC observes, asking Mr. Green,

or any EEOC representative, to even set forth the selected facts which constitute the factual basis of the probable cause finding would infringe on the deliberative process privilege as it would reveal the EEOC's evaluation and analysis of the extensive factual information gathered by the agency. *See Nat'l Wildlife Fed'n,* 861 F.2d at 1119.

Therefore, the cases cited by Respondents are distinguishable as the information sought by Respondents is broader in scope than the information sought in those cases. The information sought by Respondents in this case is protected from disclosure by the deliberative process privilege.

**B. The Information Sought is Obtainable From Another Source**

Even if the Court were to permit Respondents to conduct a deposition in order to ask questions which seek to clarify factual information contained in the EEOC's file, Mr. Green's declarations establish that he is not the proper deponent to answer such questions. Green Decl., ¶¶ 4–6; Second Green Decl., ¶¶ 3, 5, 6 (providing that Green did not personally investigate Millsaps' charges and has no knowledge or recollection relating to Millsaps' allegations beyond the information contained in the investigative files). Respondents have made no showing that Mr. Green possesses relevant, non-privileged information that is not cumulative or duplicative to the information contained in the EEOC investigative file, which has already been produced to Respondents and which, in the Court's view, is likely the best source of the information presently sought by Respondents. Fed.R.Civ.P. 26(b)(2)(C)(i).

**C. The Trier of Fact Will Determine the Merits of Millsaps' Claims, Not the Meaning of the EEOC's Determination Letter**

■ Respondents argue that a deposition of Mr. Green is needed to develop a

factual record "to assess the weight and/or importance" of the determination letter without "sorting through the hundreds of pages" of underlying EEOC investigative material. Resp. at 5. Respondents presume that the jury in this matter would be required to "sort through a mass of hearsay evidence" accumulated during the EEOC investigation in order to understand the basis for the determination letter. *Id.* at 6. This is an implausible scenario, as the only documents the trier of fact would be required to sort through are those documents which have been admitted by the trial court, which would certainly not encompass the entire EEOC file. Moreover, it is unlikely the trier of fact would spend much time deciphering the meaning of the determination letter. As the EEOC observes, the focus at trial will be on the merits of Millsaps' Title VII claims, not the meaning of the determination letter. The best way for Respondents to counter the probable cause finding of the EEOC is to simply present their defense against Millsaps' discrimination and retaliation claims, by way of testimony of percipient witnesses of the underlying events and the presentation of admissible documentary evidence. Furthermore, under *Gilchrist*, a finding of probable cause does not suggest to the trier of fact that the EEOC has already determined that there has been a violation, but rather that preliminarily, there is reason to believe that a violation has taken place. *Gilchrist*, 803 F.2d at 1500. As the EEOC suggests, Respondents can seek a limiting jury instruction to this effect.

### D. The Court Makes No Finding as to the EEOC's Undue Burden Argument

Finally, because the Court finds that the deposition sought by Respondents would reveal information protected from disclosure by the deliberative process privilege,

and, additionally, is unreasonably cumulative, duplicative, and seeks information that can be obtained from some other source that is less burdensome (*see* Fed. R.Civ.P. 26(b)(2)(C)(i)), the Court has not considered and makes no finding as to the EEOC's argument that appearing for the deposition would create an undue burden on the EEOC.

## IV. CONCLUSION

For the foregoing reasons, the EEOC's motion to quash deposition subpoena is **GRANTED** pursuant to Fed. R. Civ. 45(c)(3)(A)(iii). The Clerk shall close the court file.

**IT IS SO ORDERED.**