920 F.2d 618
 Prod.Liab.Rep.(CCH)P 12,787
Doug ROY, Jr., Marsha Roy; Shannon Roy, a minor, by and
through her guardian Ad Litem, Doug Roy, Jr.; Doug Roy,
III, a minor, by and through his guardian Ad Litem, Doug
Roy, Jr., Plaintiffs-Appellants,
v.
VOLKSWAGEN OF AMERICA, INC.; Volkswagenwerk
Aktiengesellschaft, a German Corporation,
Defendants-Appellees.
 No. 87-6340.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 17, 1990.
 
 1
 Before HUG and CANBY, Circuit Judges and EZRA,* District Judge.
 
 ORDER
 
 2
 The opinion previously filed in this case and reported at 896 F.2d 1174, is amended as follows:
 
 At 896 F.2d at 1175, right column, line 5:
 
 3
 Delete "the Roys' motion" and substitute "VW's motion."
 
 
 4
 At 896 F.2d at 1179, left column, lines 22-28:
 
 
 5
 Delete quotation from, and citation of Boeing Company v. Shipman. Substitute the following,"The district court's authority to order a new trial is admittedly less constrained than its authority to enter a judgment contrary to the jury's verdict. However, the district court may order a new trial only if it finds that the jury's verdict was 'clearly contrary to the weight of the evidence.' McGhee v. Arabian American Oil Co., 871 F.2d 1412, 1420 (9th Cir.1989) (quoting William Inglis & Sons v. ITT Continental Baking Co., 668 F.2d 1014, 1027 (9th Cir.1981))."
 
 At 896 F.2d at 1179, left column, line 38:
 At the end of the paragraph, add:
 
 6
 "See id.[5]".
 
 Then add a new Footnote 5 as follows:
 
 
 [5]
 VW contends that this case is controlled by Air-Sea Forwarders, Inc. v. Air Asia, Ltd., 880 F.2d 176 (9th Cir.1989). However, our case is not a case where the district judge's grant of a new trial was based upon the lack of credibility of the plaintiffs' crucial witnesses. In Air-Sea Forwarders, we noted that the plaintiffs' evidence on the issue in question was based almost exclusively on two witnesses. The district court found these two witnesses to be incredible because of their prior inconsistent statements. In the action before us, it is true that the plaintiffs' case was based in part upon the testimony of two eyewitnesses, and that the trial judge stated that the "accuracy" of their testimony was "open to question," not because of prior inconsistent statements or demeanors suggesting untruthfulness, but because of the distance from which they observed the accident. We construe the trial judge's comment as going to the weight of the eyewitnesses' testimony, rather than to their truthfulness as witnesses. Moreover, there was considerable other evidence supporting the plaintiffs' contentions. The judge did not grant the new trial on grounds of credibility, as in Air-Sea Forwarders, but rather on what he perceived to be the great weight of the evidence in general. The district judge stated:
 
 
 
 7
 I think one must conclude from the great weight of the evidence in this case that the design of the Volkswagen van was not defective and that, in any event, the roll over here under the circumstances hereinabove outlined was not the result of a defective design.
 
 
 8
 Roy v. Volkswagenwerk Aktiengesellschaft, 600 F.Supp. at 655.
 
 
 9
 With that amendment, the panel has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 10
 The full court has been advised of the suggestion for rehearing en banc and of the above amendment and no judge of the court has requested a vote to rehear the matter en banc.
 
 
 11
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 
 *
 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation