Gladys H. AMANTEA–CABRERA,
Plaintiff–Appellant,

v.

John E. POTTER,* Postmaster
General, United States Postal
Service, Defendant–Appellee.

No. 00–16114.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Filed Jan. 30, 2002.

* John E. Potter is substituted for his predecessor, William Henderson, as Postmaster General. Fed. R.App. P. 43(c)(2).

Elaine W. Wallace, Oakland, CA, for the plaintiff-appellant.

Stephan J. Boardman, United States Postal Service, Washington, DC, for the defendant-appellee.

Before: NOONAN, HAWKINS and TASHIMA, Circuit Judges.

## OPINION

MICHAEL DALY HAWKINS, Circuit Judge:

Gladys Amantea–Cabrera filed suit in district court seeking a *de novo* trial on back pay, benefits, and compensatory damages for sex discrimination suffered while working for the United States Postal Service ("USPS"). Liability on the sex discrimination claim had previously been established at a hearing before an administrative law judge ("ALJ") of the Equal Employment Opportunity Commission ("EEOC") and on administrative appeal to the EEOC Office of Federal Operations ("OFO"). The parties stipulated to liability on the Title VII violation, and the only issue before the district court was the amount of damages due to Amantea–Cabrera. Amantea–Cabrera appeals from a jury verdict denying compensatory damages, contending that the district court erred in excluding from evidence the EEOC decision and order. Amantea–Cabrera also contends on appeal that the district court erred in failing to grant a motion for new trial, and in failing to detail how it calculated an equitable award of back pay and benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a confrontation between Amantea–Cabrera and a male co-worker, Willie Dragon. Amantea–Cabrera claimed that Dragon maliciously and deliberately pushed a large metal cart in her direction while she was on duty at the San Francisco General Mail Facility. At the time of the incident Amantea–Cabrera was six and one-half months pregnant, and while she managed to deflect the cart, she feared that continued interactions with Dragon could affect her pregnancy. She promptly reported the incident to USPS management. Management investigated, and disciplined Dragon by placing a permanent letter detailing the allegations in his personnel file. Amantea–Cabrera left work two days after the episode and, on her doctor's advice, did not return until well after she had given birth.

Amantea–Cabrera filed a sex discrimination claim with the EEOC. She alleged that in similar incidents where the victim and the accused were of the same sex, USPS management customarily followed internal investigative protocols, and placed the alleged aggressor on emergency suspension pending the outcome of the investigation. In her case, where a woman was accusing a man, Amantea–Cabrera claimed that the USPS did neither. The ALJ issued a recommended decision finding that the USPS had discriminated against Amantea–Cabrera because of her sex. The USPS rejected the findings in a Final Agency Decision, and Amantea–Cabrera appealed to the OFO. In a written decision and order dated May 5, 1998, the OFO upheld the ALJ's findings and awarded Amantea–Cabrera back pay and benefits.

Amantea–Cabrera filed suit in district court for a *de novo* jury trial on the EEOC damages award, seeking compensatory damages in addition to back pay and benefits. By pre-trial motion, the Postmaster General objected to admission of the May

EEOC decision and order, arguing that the document was irrelevant, prejudicial and was inadmissible hearsay. The court granted the motion, and as a substitute for the excluded evidence, required the parties to draft a stipulated statement of facts providing relevant background on the u-cart incident and the investigation. The court read the statement to the jury at the onset of trial. Further, the court twice instructed the jury that liability on the sex discrimination claim was established and that the only issue before them was whether Amantea–Cabrera suffered emotional distress as a result of the USPS's failure to conduct an adequate investigation of the alleged assault. The jury awarded Amantea–Cabrera no compensatory damages. The court made an equitable award of back pay and lost benefits. After soliciting post-trial submissions on the parties' calculation of back pay and benefits, the court entered judgment for Amantea–Cabrera in the amount of $8,525.68, stating that this was "the maximum the trial record will support." Amantea–Cabrera appeals, claiming that the court erred in excluding the EEOC decision and order, in failing to grant a motion for a new trial, and in failing to detail how equitable damages were calculated.

## ANALYSIS

■ We review the court's decision to exclude the EEOC decision and order for an abuse of discretion. *See Defenders of Wildlife v. Bernal,* 204 F.3d 920, 927 (9th Cir.2000). Amantea–Cabrera argues that the court was required to admit the EEOC decision and order at trial. While we have previously held that EEOC "probable cause determinations" are per se admissible in a trial *de novo* on Title VII claims,

*see Plummer v. W. Int'l Hotels Co.,* 656 F.2d 502, 505 (9th Cir.1981), this case involves the admissibility of an EEOC "decision and order." The distinction is that a decision and order concludes that a violation of Title VII has occurred, while an EEOC probable cause determination concludes only that there is probable cause of such a violation. We held in *Gilchrist v. Jim Slemons Imports, Inc.,* 803 F.2d 1488 (9th Cir.1986), that the per se admissibility rule of *Plummer* did not apply to an EEOC "letter of violation," because the letter's conclusive determination of a Title VII violation might prejudice the jury. *Id.* at 1500. *Gilchrist* established that the letter of violation was instead admissible within the judge's discretion. *Id.*

■ The EEOC decision and order at issue in this case, unlike the EEOC probable cause determination in *Plummer,* contains a conclusive finding of liability under Title VII. *Plummer* is also distinguishable from a case where, as here, the *de novo* trial concerns damages only, and does not revisit the underlying issue of Title VII liability. We hold that the per se admissibility rule of *Plummer* does not govern the admissibility of an EEOC decision and order, which should instead be admitted within the judge's discretion under the rule established in *Gilchrist.*

■ The only issue before the jury was whether Amantea–Cabrera was owed compensatory damages as a result of the USPS's sexually discriminatory investigation of the alleged confrontation. The record supports exclusion of the EEOC decision and order on Fed.R.Evid. 402 and 403 grounds, and the court did not abuse its discretion in excluding it.[1]

---

1. In fact, the court took the unnecessary step of providing Amantea–Cabrera means to introduce any relevant and non-prejudicial evidence contained in the EEOC decision and order by allowing the parties to draft a stipulated statement summarizing its contents.

Amantea–Cabrera also contends that the district court's denial of a motion for new trial was erroneous. A new trial should have been granted, or the jury's verdict overturned, she argues, because the exclusion of the EEOC report was an abuse of discretion and prejudiced the jury's decision. Rulings on a motion for new trial are reviewed for an abuse of discretion. *See EEOC v. Pape Lift, Inc.,* 115 F.3d 676, 680 (9th Cir.1997). Because Amantea–Cabrera makes no additional argument as to why denial of a new trial was error, analysis of the evidentiary issue disposes of this question as well. The court did not abuse its discretion in excluding the EEOC findings, and therefore did not abuse its discretion in refusing to grant a new trial.

Finally, Amantea–Cabrera contends that the court erred in failing to detail how it calculated an equitable award of $8,525.68 for back pay and benefits. The district court's computation of damages is a finding of fact we review for clear error. *See Simeonoff v. Hiner,* 249 F.3d 883, 893 (9th Cir.2001). If the district court's findings are sufficient to indicate the factual basis for its ultimate conclusion, in light of the record viewed in its entirety, then it is not clearly erroneous. *Id.* Further, in order to provide meaningful appellate review of damages awarded by the court, the district court must make findings of fact which satisfy the requirements of Fed. R. Civ. Pro. 52(a). *See Carpenters Local 1273 of United Bhd. of Carpenters v. Hill,* 398 F.2d 360, 363 (9th Cir.1968).

While the court's amended judgment (after extensive post-trial briefing on damages calculations) says only that the award of $8,535.68 is the "maximum the trial record will support," its original judgment provides additional guidance as to the court's reasoning. The court specified that the time period for which benefits and back pay applied was October 1, 1997, to December 24, 1997. Because the stay-home orders for Amantea–Cabrera applied only through the birth of her baby, the court concluded that any damages claimed beyond that period would be "beyond the pale and wholly unsupportable." Ultimately, the award appears to be derived from Amantea–Cabrera's own damage submissions for back pay, night differential, and annual and sick leave, and further evidence in the record suggests that the court's award of more than $8,500 to Amantea–Cabrera is actually rather generous. The court's findings satisfy the requirements of Rule 52(a), and the record supports the amount of back pay and benefits awarded.

### CONCLUSION

For the foregoing reasons, we affirm the district court's exclusion of the EEOC decision and order, denial of a motion for new trial, and equitable damages award of back pay and benefits in the amount of $8,535.68.

AFFIRMED.