**Vartan P. ZENIAN, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civil Action No. 01–636 (JMF).**

United States District Court,
District of Columbia.

Sept. 22, 2003.

Paul Sanders Thaler, Thaler & Liebeler, Lars Howard Liebeler, Thaler, Liebeler LLP, Washington, DC, for Plaintiffs.

Christine Clare Gallagher, Alicia D. Washington, Office of Corporation Counsel, D.C., Washington, DC, for Defendants.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

In this opinion, I resolve *Plaintiff's Motion for Entry of Default Judgment or in the Alternative to Preclude Defendant's Raising of Certain Issues at Trial, Defendant District of Columbia's Motion in Limine, Plaintiff's Motion in Limine,* and *Plaintiff's Application for Attorney's Fees.*

### INTRODUCTION

Plaintiff, a white male of Lebanese descent, claims that in the period from July 1995 through July 1997 his supervisor, Veda Shamsid–Deen, discriminated against him because of his race. One of his specific claims is that in April 1997, an African–American woman, Alison Nixon, was promoted instead of him. *Joint Pre–Trial Statement* at 3.

### The Motion for Entry of Default Judgment

On February 28, 2002, Judge Sullivan, to whom this matter was then assigned, ordered the defendant District of Columbia ("the District") to produce what the judge called "the personnel files of four individuals."

On December 6, 2002, plaintiff moved for either default judgment or in the alternative to preclude the District from "arguing at trial or introducing evidence that Mr. Zenian's co-workers, Alison Nixon and Maurice Goff, were more qualified than Mr. Zenian." *Plaintiff's Motion for Entry of Default Judgment or in the Alternative to Preclude Defendant's Raising of Certain Issues at Trial* at 1. Plaintiff insisted that there was not one performance evaluation for Nixon or Goff in the personnel files that the District produced.

One week later, the District filed its opposition to this motion, noting in a footnote that it had produced performance evaluations for Nixon and Goff. *Defendant's Opposition to Plaintiff's Motion for Entry of Default Judgment or in the Alternative to Preclude Defendant's Raising of Certain Issues at Trial* at 1 n. 1. The District provided no explanation whatsoever as to why these documents were not produced to plaintiff's initial discovery requests or in response to Judge Sullivan's order of February 28, 2002.

In reply, plaintiff pointed out that the District had originally stated that it did not have all of the requested documents but, once plaintiff moved for default judgment, some of the missing documents "magically" appeared. *Plaintiff's Reply in Support of Motion for Entry of Default Judgment or in the Alternative to Preclude Defendant's Raising of Certain Issues at Trial* at 1. Even so, 1997 performance evaluations for Alison Nixon and Maurice Goff are still missing. *Id.*

 As I have recently pointed out: [I]ndependent of the sanctions specifically authorized by the Federal Rules of Civil Procedure, the Court has inherent authority to prevent misconduct under the discovery rules. Authority in this jurisdiction indicates that dismissal for such misconduct is appropriate when there has been a significant disruption or delay in the judicial system, there has been prejudice to the opposing party, the misconduct is disrespectful of the court, and there is a need to deter such behavior in the future. *Memorandum Opinion of October 28, 2002* (citing *Webb v. District of Columbia,* 146 F.3d 964, 970–71 (D.C.Cir.1998)).

*Lebron v. Powell,* 217 F.R.D. 72 (D.D.C. 2003).

 As I have also pointed out, the sanction ordered must be finely calibrated to the wrong done:

"[S]anctions based only on principles of deterrence 'call for careful evaluation to ensure that the proper individuals are being sanctioned (or deterred) and that the sanctions or deterrent measures are not overly harsh.'" *Bonds v. District of Columbia,* 93 F.3d 801, 807–808 (D.C.Cir.1996) (quoting *Shea v. Donohoe Construction Co.,* 795 F.2d 1071, 1077 (D.C.Cir.1986)). Accordingly, "a discovery sanction imposed for its deterrent effect must be calibrated to the gravity of the misconduct." *Bonds,* 93 F.3d at 808. The central consideration in imposing any discovery sanction is the proportion between the offense and the sanction. To be just, therefore, the sanction must never be any more severe than it need be to correct the harm done and to cure the prejudice created to the other party, unless the opposing party's behavior has so been so flagrant or egregious that deterring similar conduct in the future in itself warrants the sanction sought[.]

*Walker v. District of Columbia,* 1998 WL 429834, at *1 (D.D.C. June 12, 1998). In light of these considerations, I turn to the factors identified in *Webb.*

*Significant Disruption or Delay to the Judicial System.* First, there has been no

significant disruption or delay, and this case will go to trial on the trial date. *Compare Lebron,* 217 F.R.D. 72 (three postponements of trial date warranted significant sanctions).

■ *Prejudice to the Opposing Party.* As to the prejudice plaintiff suffered, had the District produced what it did when Judge Sullivan ordered it to, plaintiff would not have had to file his motion. I will therefore require the District to pay the costs, including attorney's fees, that plaintiff incurred in having to file *Plaintiff's Motion for Entry of Default Judgment or in the Alternative to Preclude Defendant's Raising of Certain Issues at Trial.* I will also permit plaintiff to re-open discovery for the limited purpose of deposing Veda Shamsid–Deen with reference to any statements she or anyone else made in the recently disclosed performance evaluations. In addition, I will preclude the District from introducing into evidence any of the documents it disclosed for the first time on December 13, 2002. This prohibition extends to its direct case, the impeachment of any witness, and rebuttal. Finally, I will instruct the jury that it is permitted to conclude that the District's inability to find the missing performance evaluations should be construed against it. Thus, the jury may conclude that the missing evaluations would have contained information that was favorable to plaintiff.

I believe that these remedies will alleviate whatever prejudice plaintiff has suffered or will suffer. Because I am of that view, I must reject plaintiff's contention that a default judgment is appropriate. Additionally, I must note that, as the Court of Appeals indicated in *Bonds,* pre-

cluding a defendant from raising a certain defense may be, for all practical purposes, entering judgment against that defendant. I view either remedy as unjustified in this case with one caveat.

*Misconduct Disrespectful of the Court.* I cannot assess the final factor-misconduct-on this record. All we know is that at one point the District claimed that the documents did not exist and then, when plaintiff captured its attention by moving for default, the documents appeared. I will therefore require the supplementation of this record by ordering the District to file an affidavit from a person with the requisite knowledge who will explain to me why these documents were not produced in response to plaintiff's initial discovery requests or to Judge Sullivan's order. If I find evidence of wilful misconduct, I will reconsider this decision.

### The Determination Letter

The District seeks, *in limine,* to prevent plaintiff from offering into evidence a Letter of Determination, dated May 17, 1999. In this letter, a District of Columbia agency, the Department of Human Rights and Local Business Development, apparently[1] determined that the alleged discriminating agency, then called the Public Service Commission, found probable cause that plaintiff had suffered discrimination on the basis that the Commission's explanations for its treatment of plaintiff were pretextual. *Defendant District of Columbia's Motion in Limine* at 2.

■ Contrary to plaintiff's claim,[2] it is not true that the "great weight of authority on this issue indicates that administrative findings and conclusions are probative and therefore admissible as evidence."

---

1. I say "apparently" because I have not seen the letter.

2. *See Plaintiff's Opposition to Defendant's Motion in Limine to Exclude the D.C. Human Rights Finding of Probable Cause for Discrimination Against Mr. Zenian* at 1.

It is more accurate to state, as the Chief Judge has, that (1) findings by an administrative agency, such as the EEOC, that is authorized to investigate complaints of employment discrimination may qualify as an exception to the hearsay rule under Fed. R.Evid. 803(8)(C); and (2) the determination to admit such findings is discretionary. *Hariston v. WMATA*, 1997 WL 411946, at *2 (D.D.C. April 10, 1997). It is also true, however, that the Rule 803(8)(C) exception does not apply to "factual findings" by the agency if the sources of information or other circumstances indicate lack of trustworthiness. Hence, the court has an independent obligation to assess the trustworthiness of the findings. *United States v. Warren*, 42 F.3d 647, 657 n. 8 (D.C.Cir.1994). Finally, while one Circuit admits an EEOC probable cause determination *per se*, the admissibility of an EEOC decision and order resides within the trial court's discretion. *Amantea–Cabrera v. Potter*, 279 F.3d 746, 749 (9th Cir.2002). *Compare Gilchrist v. Jim Slemons Imports, Inc*, 803 F.2d 1488, 1500 (9th Cir.1986) *with Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir.1981).

Given the law, it is clear that I cannot possibly rule on the District's motion. Instead, I will deny it without prejudice to the District's renewing it well in advance of trial and accompanying its motion with the complete file that the Department of Human Rights and Local Business Development created and its ultimate conclusion. I expect the District to brief thoroughly why that record indicates that the letter that Department issued is not trustworthy and why, even if the report qualified for admission, I should exercise my discretion to exclude it. Plaintiff, of course, will have the right to respond.

### Motions in Limine

Apparently without conferring with each other, defendant has moved *in limine* to admit the very evidence plaintiff has moved *in limine* to exclude. Plaintiff concedes that the discrimination he suffered occurred in the period from July 1995 to July 1997 and was at the hands of Veda Shamsid–Deen. The District wants, however, to introduce documentary evidence pertaining to plaintiff's performance prior to July 1995 even though, according to her deposition, Ms. Shamsid–Deen will apparently testify that she never discussed plaintiff's performance with his former supervisor or saw the performance evaluation that the former supervisor prepared. *Plaintiff's Motion in Limine* at 2.

█ If Ms. Shamsid–Deen testifies as plaintiff anticipates, and she states that she never saw and therefore never relied upon the documents the District will offer into evidence, the documents are irrelevant to any decision she ever made concerning plaintiff. Moreover, I see another problem. If the District is offering the evidence to show that plaintiff has always been a bad employee, it is doing exactly what it cannot do: introduce evidence of a person's character to prove that his behavior on one or more occasions was consistent with that character. Fed.R.Evid. 404(a). The only purpose of proving that plaintiff was a bad employee before 1995 is to prove that he was an equally bad employee after 1995. That, of course, is exactly what a litigant cannot do. *See* Christopher B. Mueller & Laird C. Kirkpatrick, Evidence § 4.11 (3rd ed.2003).

I add the caution that I am assuming that Ms. Shamsid–Deen's testimony is as plaintiff represents it will be. To predicate my ruling on the best possible evidentiary record, I will *voir dire* Ms. Shamsid–Deen out of the presence of the jury as to whether she ever saw or heard of the documents that the District seeks to offer.

### The Application for Attorney's Fees

■ Judge Sullivan permitted the plaintiff to take certain depositions of certain witnesses at the expense of the District. Plaintiff took one deposition and seeks $3,386.25 in attorney's fees for that deposition.

The District points out that the deposition lasted approximately ninety minutes and that $3,526.25 is utterly unjustified. It also notes that only one document was introduced during the deposition. Yet, an associate claims to have spent 15.25 hours to prepare for this deposition.

$3,526.25 is also a bit rich for my blood. The diligence of young lawyers is admirable, but they can burn up a lot of time that a more senior lawyer would not. I do not see why it would take anyone nearly two full days to prepare for a deposition that took less than two hours. In my view, four hours to prepare is more than sufficient. I will therefore allow Mr. Liebler 1.5 hours to take the deposition and Ms. Greenberg four hours to prepare for it. At their claimed hourly rates, the total is $1,192.50. I will add to that the cost of the transcript, $140, for a total of $1,332.50.

An Order accompanies this Memorandum.

### ORDER

In accordance with the Memorandum Opinion issued herein, **IT IS ORDERED THAT:**

1. *Plaintiff's Motion for Entry of Default Judgment or in the Alternative to Preclude Defendant's Raising of Certain Issues at Trial,* [# 20–1 & 20–2] is denied;

2. *Defendant District of Columbia's Motion in Limine,* [# 21–1] is denied;

3. *Plaintiff's Motion in Limine,* [# 19–1] is granted;

4. *Plaintiff's Application for Attorney's Fees* [# 26] is granted and the defendant District of Columbia shall pay to plaintiff $ 1,332.50.

### IT IS FURTHER ORDERED THAT:

5. The District of Columbia shall pay the costs, including attorney's fees, that plaintiff incurred in filing *Plaintiff's Motion for Entry of Default Judgment or in the Alternative to Preclude Defendant's Raising of Certain Issues at Trial,* and plaintiff shall file an application for attorney's fees by September 24, 2003. The District may file any opposition thereto eleven business days later. Plaintiff may file a reply three business days later.

6. Discovery is re-opened for the limited purpose of deposing Veda Shamsid–Deen with reference to any statement she or anyone else made in the performance evaluations disclosed on December 13, 2002.

7. The District of Columbia may not introduce into evidence any of the documents it disclosed for the first time on December 13, 2002.

8. Within seven business days of the date of this Order, the District of Columbia shall file an affidavit from a person with requisite knowledge who will explain to me why these documents were not produced in response to plaintiff's initial discovery requests or to Judge Sullivan's order of February 28, 2002.