Joan F. HIGBEE, Plaintiff,

v.

James H. BILLINGTON, Defendant.

No. CIV.A. 00–3114(JMF).

United States District Court,
District of Columbia.

Nov. 7, 2003.

David H. Shapiro, Swick & Shapiro, Washington, DC, for Plaintiff.

Beverly M. Russell, Pamela D. Huff, U.S. Attorney's Office, Meredith Manning, Hogan & Hartson, L.L.P., Washington, DC, for Defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This case was referred to me by Judge Sullivan for all purposes including trial pursuant to LCvR 73.1(a). At the pre-trial conference of November 5, 2003, defendant raised two objections to plaintiff's proposed testimony that I will herein resolve.

### Background[1]

In her complaint, plaintiff claims that she was subject to disparate treatment and a hostile working environment because of her gender. According to plaintiff, during her employment at the Library of Congress' Rare Book and Special Collections Division ("RBSCD"), Dr. Sullivan ("Sullivan") continually mistreated her and discriminated against her. Specifically, plaintiff claims that Sullivan refused to assign her duties and responsibilities commensurate with her position, denied her recognition for her professional accomplishments, circulated intimidating and false accusatory memoranda about her, and encouraged

her colleagues to criticize and shun her. Complaint, ¶ 18. Plaintiff claims that Sullivan's actions severely harmed her professional reputation and ended her prospects for career advancement. *Id.* at ¶ 10.

### Evidence Regarding Chaos and Understaffing in the RBSCD

In the Joint Pretrial Statement, plaintiff listed numerous witnesses, many of whom worked with her in the RBSCD. Plaintiff also indicated that some of these witnesses would testify about the chaotic conditions and understaffing that plagued the RBSCD during Sullivan's tenure. *Joint Pretrial Statement* at 8–11. At the pretrial conference, defendant objected to the introduction of such testimony as irrelevant to any claims before the court. Plaintiff, however, argued that the testimony is relevant and will help show that Sullivan harbored discriminatory animus toward plaintiff. Specifically, plaintiff seeks to show that, while the department was understaffed and in need of assistance, Sullivan proposed a Reduction in Force ("RIF") and the Library ultimately acted on that recommendation, which resulted in plaintiff's transfer to another division. In other words, plaintiff seeks to show that the real reason Sullivan proposed the Reduction in Force was to get rid of plaintiff, not because the division was overstaffed or for any other reason.

In my Memorandum Opinion and Order of February 24, 2003, I ruled that "the Reduction in Force in 1998 may not serve in any way as an independent predicate for relief" although it may bear upon plaintiff's claim for damages. *Higbee v. Billington,* 246 F.Supp.2d 10, 16–17 (D.D.C.2003). I excluded the RIF as an independent claim because plaintiff had failed to exhaust her

---

1. A more extensive version of facts not in genuine dispute may be found in my previously issued memorandum opinion. *See Higbee v. Billington,* 246 F.Supp.2d 10 (D.D.C.2003).

administrative remedies. Specifically, plaintiff filed an administrative complaint on January 14, 1993. On June 14, 1995, Dr. Sullivan proposed the RIF. Sullivan then left the Library, and a Reduction in Force occurred on June 17, 1998. *Id.* Therefore, plaintiff's administrative complaint in 1993 did not exhaust the RIF, which occurred in 1995.

■ I stand by that decision. However, I also note that there are two distinct events at issue here: Sullivan's proposal for a RIF and the RIF itself. Obviously, because plaintiff never filed an administrative complaint about Sullivan's proposal for a RIF, she never administratively exhausted that issue, and the proposal could never serve as an independent predicate for relief. However, plaintiff seeks to introduce evidence regarding Sullivan's proposal, and the conditions that existed when the proposal was made, *not* to establish an independent claim for relief but to show that Sullivan harbored such discriminatory animus toward plaintiff that he would do anything to remove her from the department—including proposing a Reduction in Force even when the department was in dire need of staffing assistance.

Therefore, plaintiff will be allowed to introduce evidence of the chaotic conditions and understaffing in the RBSCD to show that the *purpose* behind Dr. Sullivan's proposal for the Reduction in Force was discriminatory. However, plaintiff will not be allowed to introduce any evidence of what happened during or after the Reduction in Force was conducted.

### Testimony of the Library of Congress' EEO Officer

■ In the Joint Pretrial Statement, plaintiff listed T. Dean Flowers ("Flowers"), an EEO Specialist at the Library of Congress, as a witness. Plaintiff also summarized Flowers' testimony, stating that he will testify about the detailed findings of discrimination he made in plaintiff's favor and against management and how his findings were reversed without reason or justification. *Joint Pretrial Statement* at 12. In the Joint Pretrial Statement and at the pretrial conference, defendant objected to Flowers' testimony, chiefly because the federal lawsuit is a *de novo* proceeding and allowing such testimony would be "inconsistent with the procedural posture of this matter." *Id.* at 11 n. 7.

■ As I recently indicated in another matter, case law indicates that:

(1) findings by an administrative agency, such as the EEOC, that is authorized to investigate complaints of employment discrimination may qualify as an exception to the hearsay rule under Fed. R.Evid. 803(8)(C); and (2) the determination to admit such findings is discretionary. *Hariston v. WMATA,* 1997 WL 411946, at *1 (D.D.C. April 10, 1997). It is also true, however, that the Rule 803(8)(C) exception does not apply to "factual findings" by the agency if the sources of information or other circumstances indicate lack of trustworthiness. Hence, the court has an independent obligation to assess the trustworthiness of the findings. *United States v. Warren,* 42 F.3d 647, 657 n. 8 (D.C.Cir.1994). Finally, while one Circuit admits an EEOC probable cause determination *per se,* the admissibility of an EEOC decision and order resides within the trial court's discretion. *Amantea–Cabrera v. Potter,* 279 F.3d 746, 749 (9th Cir.2002). *Compare Gilchrist v. Jim Slemons Imports, Inc,* 803 F.2d 1488, 1500 (9th Cir. 1986) *with Plummer v. Western Int'l Hotels Co.,* 656 F.2d 502, 505 (9th Cir. 1981).

*Zenian v. District of Columbia,* 283 F.Supp.2d 36, 39 (D.D.C.2003).

Thus, Flowers' testimony and report may be admissible. At trial, I will hold a *voir dire* out of the presence of the jury, during which both sides will have the opportunity to present arguments regarding the trustworthiness of Flowers' and report. If the evidence is found to be trustworthy and is thus admitted, I will remind the jury that they are the ultimate finders of fact and that they can assess Flowers' testimony and report in the same manner that they weigh all of the other evidence.

An Order accompanies this Memorandum Opinion.

### ORDER

Following the pretrial conference held on November 5, 2003, it is hereby, ORDERED that:

1. Plaintiff will be allowed to introduce evidence of chaotic conditions and understaffing in the RBSCD to show that the *purpose* behind Dr. Sullivan's proposal for the Reduction in Force was discriminatory. However, plaintiff will not be allowed to introduce any evidence of what happened during or after the Reduction in Force was conducted.

2. The testimony of the EEO counselor and the EEO report may be admitted if plaintiff is able to show that the evidence is trustworthy during a *voir dire* outside the presence of the jury.

3. All other objections raised at the pre-trial conference are preserved for trial.

4. Neither party may call any witness not listed in the Joint Pretrial Statement.

5. At the status conference, the parties represented to the court that the trial would last five days. In their Joint Pretrial Statement, received by chambers ten days before trial, the parties revised the estimated length of trial and now suggest that it will last seven days. Trial begins on Monday, November 10, 2003, and be-

cause of Veteran's Day, court will not be in session on Tuesday, November 11, 2003. In light of this scheduling disruption, plaintiff's counsel has suggested that the court recess after jury selection on Monday and that opening statements and the presentation of plaintiff's case resume on Wednesday. However, in light of the need for additional time for trial and given the fact that one witness, who is testifying by videoconferencing, is only available to testify on Wednesday, extending the trial as plaintiff's counsel suggests is excessive, and I will not allow it. Therefore, after the jury has been selected on Monday, the parties will present their opening statements and plaintiff will call her first witness.

SO ORDERED.