## Lorraine NESTER–OSBORNE, Plaintiff–Appellee,

v.

## ALBERTSON'S, INC., a Delaware Corporation doing business in Arizona, Defendant–Appellant.

### No. 04–17512.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2006.*

Filed Dec. 8, 2006.

Law Offices of Jared O. Smith, Attorney at Law, Kingman, AZ, for Plaintiff–Appellee.

Jeffrey L. Lowry, Esq., Thomas L. Stahl, Esq., Edward Ricco, Esq., Rodey Dickason Sloan Akin & Robb PA, Albuquerque, NM, for Defendant–Appellant.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Because the parties are familiar with the facts, we do not recite them in detail.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

At the close of Osborne's case-in-chief, Albertson's moved for judgment as a matter of law regarding her claim for front pay and back pay based on her failure to mitigate damages.[1] The district court deferred ruling on the motion, and submitted the issue of back pay to the jury as an advisory jury. On September 3, 2005, the jury returned a verdict in Osborne's favor that awarded her mental, physical, and emotional damages of $25,000 and punitive damages of $25,000. The jury also made an advisory ruling under Federal Rule of Civil Procedure 39(c) that Osborne was constructively discharged from Albertson's, and entitled to lost back pay of $75,000 and no front pay.

On November 16, 2004, the district court made its factual findings regarding back pay and denied Albertson's motion for judgment as a matter of law requesting the back pay award be capped. The district court found that Albertson's failed to meet its burden of showing that Osborne failed to mitigate her damages, and found that the jury's award of approximately four years of wages was reasonable based on all of the evidence. The court entered judgment in favor of Osborne, and included the back pay award. Albertson's appeals from the judgment and the denial of its motion for judgment as a matter of law.

## DISCUSSION

The district court's denial of a renewed motion for judgment as a matter of law is reviewed de novo. *Bell v. Clackamas County,* 341 F.3d 858, 865 (9th Cir.2003). The court, however, must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 149–50, 120 S.Ct. 2097,

147 L.Ed.2d 105 (2000) (discussing proper standard for reviewing motions brought under Fed.R.Civ.P. 50.).

"The discretionary decision of the trial court regarding an award of back pay is reversible only for an abuse of discretion." *Sangster v. United Air Lines, Inc.,* 633 F.2d 864, 867 (9th Cir.1980). A district court's calculation of damages is a finding of fact reviewed for clear error. *Simeonoff v. Hiner,* 249 F.3d 883, 893 (9th Cir. 2001). "If the district court's findings are sufficient to indicate a factual basis for its ultimate conclusion, in light of the record viewed in its entirety, then it is not clearly erroneous." *Amantea–Cabrera v. Potter,* 279 F.3d 746, 750 (9th Cir.2002); Fed. R.Civ.P. 52(a).

"[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirely, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). We cannot say that on the record before us, that the district court's factual findings were clearly erroneous or that the district court abused its discretion in awarding back pay. Therefore, the judgment of the district court is **AFFIRMED.**

---

1. Albertson's did not make a motion for partial summary judgment on the issue of back pay.