Eddie YOUNG, Plaintiff–Appellant,

v.

C. JONES, Correctional Officer; et al., Defendants–Appellees.

No. 05–56778.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Jan. 26, 2007.

Eddie Young, Corcoran, CA, pro se.

Susan Eileen Coleman, Esq., Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

## MEMORANDUM **

California state prisoner Eddie Young appeals pro se from the district court judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging defendants used excessive force and violated his Eighth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), and we review for abuse of discretion the district court's denial of a motion for a new trial, *Amantea Cabrera v. Potter*, 279 F.3d 746, 750 (9th Cir.2002). We affirm.

Young contends the district court improperly granted summary judgment to defendant Large on Young's claim that his cellmate attacked him after he requested to be moved to a different cell. Summary judgment was appropriate because Young failed to raise a genuine issue of material fact as to whether Large ignored a substantial risk that Young's cellmate would seriously harm him. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that to act with deliberate indifference, a prison official must be aware of facts from which he could infer the existence of a substantial risk of serious harm).

Young also contends the district court erred in denying his motion for a new trial after the jury verdict in favor of the remaining defendants on his excessive force claim. The district court did not abuse its discretion in denying this motion for a new trial, because Young failed to identify how the challenged witness testimony was false or resulted in a miscarriage of justice. *See Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440, 1452 (9th Cir.1988). Moreover, Young fails to show that the jury's verdict was contrary to the clear weight of evidence. *See Roy v. Volkswagen of Am., Inc.*, 920 F.2d 618, 619 (9th Cir.1990) (order).

Young's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.