NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH LEWIS,

　　　　　Plaintiff-Appellee,

　v.

DELTA AIR LINES, INC.,

　　　　　Defendant-Appellant.

No.　18-16911

D.C. No.
2:14-cv-01683-RFB-GWF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted May 6, 2020**
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and PREGERSON,***
District Judge.

　　**1.** We need not decide whether the district court abused its discretion by

admitting evidence about Joseph Lewis's internal appeal of his termination. Even

---

　　*　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　***　The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

if the court erred by admitting some of that evidence, any error was harmless.  The principal question for the jury was whether Delta terminated Lewis because of his disability-related absences from work on August 11 and 12, 2012.  The evidence overwhelmingly established that Delta terminated Lewis due to those absences, including testimony from Lewis's supervisor that he would not have recommended Lewis's termination but for those absences.  Thus, even if the jury had not heard any of the evidence concerning Lewis's internal appeal, the verdict would more likely than not have been the same.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).

**2.**  The district court did not abuse its discretion by declining to give Delta's proposed business judgment instruction.  The district court instructed the jury that it could find Delta liable only if, among other things, "Lewis prove[d] by a preponderance of the evidence that Delta would not have terminated him but for his disability."  That instruction correctly stated the law and was not "inadequate or misleading."  *Phillips v. I.R.S.*, 73 F.3d 939, 941 (9th Cir. 1996).  Delta's proposed instruction, conversely, risked misleading the jury into believing that it could not question the sincerity of Delta's proffered explanation for terminating Lewis.

**3.**  Delta advances no convincing reason to overturn the district court's backpay, front pay, or tax gross-up awards.  Those awards were amply supported by the uncontradicted testimony and reports of Lewis's expert.  *See Traxler v.*

*Multnomah Cty.*, 596 F.3d 1007, 1014 & n.4 (9th Cir. 2010); *Amantea-Cabrera v. Potter*, 279 F.3d 746, 750 (9th Cir. 2002).  The backpay award properly accounted for the pay raises, overtime pay, and fringe benefits that Lewis never received because of his unlawful termination.

**4.**  Delta argues for the first time in its reply brief that the prejudgment interest award should have been prorated to properly account for the incremental infliction of Lewis's monetary injuries.  We decline to consider that argument because Delta did not raise it either in the district court or in its opening brief on appeal.  *See Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).

**5.**  We vacate the district court's award of attorney's fees and costs. Notwithstanding the district court's broad discretion in calculating attorney's fees, the court appears to have abdicated its "*duty* to ensure that claims for attorneys' fees are reasonable." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (cleaned up).  The court did not address any of Delta's challenges to the reasonableness of the number of hours billed, even though Delta flagged many "seemingly excessive fee requests." *Id.*  Without commenting on the merits of any of Delta's specific challenges, on remand the court should more thoroughly analyze Delta's objections to the reasonableness of the time spent by Lewis's counsel on matters such as the unsuccessful motion for summary judgment, the unsuccessful motion to compel production of privileged materials, the unsuccessful

opposition to a motion for *pro hac vice* admission, and the litigation surrounding a settlement conference that was aborted after Lewis failed to attend. *See Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). As to the costs award, the court should more thoroughly analyze whether the individual costs requested by Lewis are properly taxable under the court's local rules.

**AFFIRMED in part, VACATED in part, and REMANDED.**

The parties shall bear their own costs on appeal under Federal Rule of Appellate Procedure 39.