
**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DONALD ALFRED GILSVIK,<br><div align="center">Debtor.</div> | BAP Nos. EC-25-1077-CBS<br>EC-25-1079-CBS<br>(Related Appeals) |
| DONALD ALFRED GILSVIK; GARY FRALEY,<br><div align="center">Appellants.</div> | Bk. No. 25-20121<br><br>**OPINION** |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Christopher D. Jaime, Bankruptcy Judge, Presiding

APPEARANCES:
Gary Ray Fraley of Fraley & Fraley, PC on brief for appellants.

Before: CORBIT, BRAND, and SPRAKER, Bankruptcy Judges.

CORBIT, Bankruptcy Judge:

## INTRODUCTION

Chapter 7[1] debtor Donald Gilsvik ("Mr. Gilsvik") and his attorney

---

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules
of Bankruptcy Procedure, and all "LBR" references are to the Local Bankruptcy Rules

Gary Fraley ("Mr. Fraley") each appeal the bankruptcy court's order determining the reasonable amount of Mr. Fraley's attorney's fees. Because the bankruptcy court did not abuse its discretion, we AFFIRM. We publish this decision to recognize again the duty that bankruptcy courts have to ensure attorney's fees are reasonable under the Bankruptcy Code and that counsel receiving such fees bears the burden of proof.

## FACTS

On January 13, 2025, Mr. Fraley of Fraley & Fraley PC (the "Law Firm") filed a skeletal chapter 7 petition on behalf of Mr. Gilsvik to stop an imminent foreclosure. Attached to the petition was an attorney compensation disclosure form which advised the court that the Law Firm was paid $7,199.00 from Mr. Gilsvik's friend for legal services related to the bankruptcy.[2]

The skeletal petition was missing the required schedules A-J, the statement of monthly income, the statement of financial affairs, and the summary of assets and liabilities. Accordingly, the clerk of the bankruptcy

---

for the Eastern District of California.

[2] At the time of his filing, Mr. Gilsvik's source of income consisted of Social Security payments. Despite the payment of over $7,000 for legal fees, Mr. Gilsvik sought and was granted a waiver of the chapter 7 filing fee. Mr. Gilsvik provided no explanation as to why he could not pay the fee in installments. Payment of attorney's fees or the promise to pay is among the factors a court may consider when determining whether a debtor is able to pay the fee in installments. *In re Hayes*, 581 B.R. 509, 516 (Bankr. W.D. Mich. 2018). Filing fees support the bankruptcy system in several ways including assuring that trustees receive some compensation for their work in even the smallest no asset cases. *See, e.g., In re Gjerde*, 535 B.R. 329, 332 (Bankr. E.D. Cal. 2015).

court entered a notice of incomplete filing and an intent to dismiss the case if the schedules and required documents were not filed by January 27, 2025.

On January 27, 2025, Vhal Roncesballes, another attorney with the Law Firm, sought and was granted an additional 14 days to file Mr. Gilsvik's required schedules and documents.

On January 29, 2025, the bankruptcy court *sua sponte* entered an order to show cause why Mr. Fraley should not be sanctioned for noncompliance with the local bankruptcy rules ("OSC"). In the OSC, the bankruptcy court noted that Mr. Fraley's attorney compensation disclosure form expressly excluded representing the debtor in motions for relief from the automatic stay despite the local bankruptcy rule, LBR 2017-1(a)(1), which requires attorneys to include this service in their bankruptcy representation.[3] The OSC noted that the court routinely issued such orders and listed twenty-one other cases in which a similar OSC was issued.

Yuhua Song, another attorney at the Law Firm, filed a response to the court's OSC. Ms. Song's response did not address the court's concern that Mr. Fraley's scope of representation conflicted with what was required by

---

[3] Mr. Fraley's compensation disclosure form stated, "By agreement with the debtor(s), the above-disclosed fee does not include the following service: Representation of the debtors in any . . . relief from stay actions."

LBR 2017-1(a)(1) states: "An attorney who is retained to represent a debtor in a bankruptcy case constitutes an appearance for all purposes in the case, including, without limitation, motions for relief from the automatic stay, motions to avoid liens, objections to claims, and reaffirmation agreements."

the local bankruptcy rules. Rather, Ms. Song appeared to believe that the OSC was issued because Mr. Fraley failed to include the attorney disclosure compensation statement with the petition. Ms. Song apologized for failing to submit the disclosure form with the bankruptcy petition. Ms. Song asked the court to not impose sanctions and to accept her assurance that the failure to file the compensation disclosure form would not occur again.

At the hearing on the OSC, both Mr. Fraley and Ms. Song appeared. Mr. Fraley acknowledged that Ms. Song's response did not address the issue identified in the OSC. Mr. Fraley assured the court that he now understood the court's concerns and had filed an amended attorney compensation disclosure statement which removed the limiting language. Mr. Fraley stated that the limiting language was inadvertently added by a software update.

The bankruptcy court accepted Mr. Fraley's explanation and stated that the purpose of the OSC was not to sanction Mr. Fraley, but to bring the issue to Mr. Fraley's attention so he could fix it. Based on Mr. Fraley's assurances that the language in his attorney disclosure statement was corrected, the bankruptcy court discharged the OSC.[4]

At the same hearing, the bankruptcy court queried Mr. Fraley as to

---

[4] A review of the twenty-one other cases in which the court issued a similar OSC demonstrates similar outcomes – the issue was corrected, and no sanctions were ordered.

the amount of attorney's fees he had charged. The bankruptcy court asked Mr. Fraley, "don't you think $7199 is a little high for a run of the mill Chapter 7 case?" Mr. Fraley replied that he believed that $7,199 was an "appropriate" flat fee based on "25 or so factors" he looked at when setting fees.[5]

The bankruptcy court was not convinced, stating, "it takes five minutes" to file a petition even if it is an emergency filing because "it's all electronic." The bankruptcy court reasoned that even including charges for a foreclosure and tax returns, the total should not be more than $5,000.

Mr. Fraley responded that his firm routinely did extra work that "other attorneys should do but don't." The bankruptcy court questioned such justification reasoning that was the nature of a flat fee, "sometimes you're going to do more work. Sometimes you're going to do less work." The bankruptcy court communicated its intent to reduce Mr. Fraley's fees to "no more than $5,000 for this case."

When Mr. Fraley continued to object to any reduction, the bankruptcy court challenged Mr. Fraley to identify the number of other attorneys in the district who charged $7,200 for a chapter 7 case. Mr. Fraley responded that he did not know but would be "happy" to research it. The bankruptcy court accepted Mr. Fraley's response, stating, "[h]ere's what

---

[5] Mr. Fraley stated that some of the factors that he considered when setting fees are whether the debtor is married, owns a residence, is facing foreclosure, or has unfiled tax returns.

I'm going to do. I'll give you an opportunity to convince me otherwise. I'm going to set an order to show cause . . . for you to show cause . . . in writing why your fee of $7,199 for this chapter 7 case is reasonable."

Following the hearing, consistent with its oral ruling, the bankruptcy court issued an "amended order to show cause and notice of intent to disgorge attorney's fees ("Fee OSC").[6] The Fee OSC stated in relevant part:

> The court has conducted its own independent review of attorney's fees charged by 20 bankruptcy practitioners who regularly represent debtors in chapter 7 cases filed in the Eastern District of California bankruptcy court and who have appeared in chapter 7 cases assigned to Department B in the past 3 months. The attorney's fees charged by the attorneys in this sample range from a low of $750.00 to a high of $4,000.00. Notably, this sample includes attorney Fraley who has charged between $2,249.00 and $3,349.00.
>
> In this court's view, $7,199.00 exceeds the reasonable value of services to be provided in this individual chapter 7 case. The court intends to disgorge and order Attorney Fraley to return $3,199.00 to the debtor or other source of payment from which attorney's fees for this chapter 7 were received resulting in attorney's fees for the reasonable value of services in this chapter 7 case of $4,000.00. See 11 U.S.C. § 329(b).
>
> As stated on the record on February 11, 2025, Attorney Fraley is ORDERED to show cause, in writing filed by April 1, 2025, why $7,199.00 is the reasonable value of services to be provided in this chapter 7 case and why $3,199.00 should not be disgorged and ordered returned. Attorney Fraley is cautioned that his

---

[6] The bankruptcy court granted Mr. Fraley's request to extend the response time to sixty days.

written response is subject to and will be reviewed under Fed. R. Bankr. P. 9011.

Mr. Fraley, Ms. Song, Mr. Roncesballes, and Mr. Gilsvik each filed a response to the Fee OSC. Mr. Fraley argued that his rate was reasonable because of the amount of work required in this case. Mr. Fraley argued that he had provided prepetition planning, contacted and coordinated with a personal injury attorney regarding Mr. Gilsvik's possible personal injury claims, and provided post-filing services to "avoid foreclosure on Debtor's home after the case [was] completed." Mr. Fraley also argued that he had to spend additional time on the case because he had problems getting information and documents from Mr. Gilsvik. Mr. Fraley acknowledged that he charged more than most attorneys but asserted that this fact was fully disclosed to clients prior to engagement of his services. Much of Mr. Fraley's response was devoted to his belief that the fee was justified because of his skill and experience.

As to the specific information requested by the court – identifying the number of attorneys in the same district who were charging over $7,000 for a no-asset chapter 7 case – Mr. Fraley stated he needed additional time. Mr. Fraley asserted that to compile such information would take him additional weeks and hundreds of phone calls. Mr. Fraley made this assertion despite the bankruptcy court explaining in the Fee OSC that the information was readily available by reviewing the court's dockets and the court collected the information in less than a day.

Ms. Song's and Mr. Roncesballes's responses claimed that Mr. Gilsvik's case contained multiple complexities requiring additional hours of work that were not apparent from the schedules. Both lawyers admitted that Mr. Fraley's fees were higher than other attorneys. Mr. Gilsvik requested that the court allow Mr. Fraley's fees at the full amount because he hired Mr. Fraley "for a reason – his office is the best in town." Mr. Gilsvik also believed his case required a lot of work.

After reviewing the responses and attached exhibits, the bankruptcy court issued an order sustaining the Fee OSC and determining that the reasonable amount of attorney's fees for this no-asset chapter 7 case was $4,000 ("Fee Order"). The Fee Order noted that the case was designated a no asset case and that Mr. Fraley "failed to present evidence that the $7,199.00 in attorney's fees he charged debtor . . . in this individual chapter 7 case are reasonable and consistent with attorney's fees charged by similarly-situated attorneys who routinely file and appear in individual chapter 7 cases in the Eastern District of California." The Fee Order denied Mr. Fraley's request for additional time because the court gathered the information in less than one day. Therefore, the bankruptcy court reasoned that Mr. Fraley could have, but did not, make a similar effort during the time he was given to respond. The bankruptcy court ordered Mr. Fraley to return all fees he had received over $4,000.

Mr. Gilsvik and Mr. Fraley each timely appealed the Fee Order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.[7]

## ISSUE

Whether the bankruptcy court's Fee Order was an abuse of its discretion.

## STANDARD OF REVIEW

An order reviewing fees and directing a debtor's attorney to disgorge excessive amounts paid prior to the bankruptcy filing under § 329(b) is reviewed for abuse of discretion. *Hale v. United States Tr.*, 509 F.3d 1139, 1147 (9th Cir. 2007). The Panel "will not disturb a bankruptcy court's award of attorney's fees 'absent an abuse of discretion or an erroneous application of the law.'" *Law Offices of David A. Boone v. Derham–Burk (In re Eliapo)*, 468 F.3d 592, 596 (9th Cir. 2006) (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir. 1985)). Thus, if the bankruptcy court applied the correct legal rule, we reverse only if the bankruptcy court's application of the law to the facts was "illogical, . . . implausible, . . . or without support in inferences that may be drawn from the record"—in other words, clearly

---

[7] We have considered Mr. Gilsvik's standing and have determined that Mr. Gilsvik has standing to appeal despite ostensibly benefiting from the Fee Order. The Fee Order is contrary to Mr. Gilsvik's expressed wishes and potentially "detrimentally affects [his] rights" because it may interfere with his future ability to hire the Law Firm. *See, e.g., Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 890 F.3d 1188, 1191 (9th Cir. 2018).

erroneous. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc).

## DISCUSSION

### A.     Statutes and standards related to attorney's fees.

On appeal, Appellants argue that the amount of attorney's fees set by the bankruptcy court was arbitrary because it was contrary to the debtor's wishes and the bankruptcy court failed to consider all relevant factors. Appellants' arguments lack merit.

First, the bankruptcy court has the authority and an independent duty to monitor and regulate compensation to a debtor's attorney "notwithstanding the absence of objections by the trustee, debtor or creditors." *Lobel & Opera v. United States Tr. (In re Auto Parts Club)*, 211 B.R. 29, 33 (9th Cir. BAP 1997) (citing *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994)). "The integrity of the bankruptcy system is at stake in the issue of a bankruptcy judge's performance of the duty to review fee applications sua sponte." *In re Sann*, 2016 WL 7852311, at *8 (Bankr. D. Mont. Dec. 15, 2016) (citation modified) .

Section 329 governs the duties of the attorney and the court regarding compensation. Section 329(a) requires an attorney representing a debtor in a bankruptcy case to file a statement regarding the amount of compensation agreed to be paid for services, along with the source of the compensation. Section 329(b), in turn, provides that "[i]f such compensation exceeds the reasonable value of any such services, the

[bankruptcy] court may . . . **order the return of any such payment**[.]"

(Emphasis added). Section 329 is implemented by Rules 2016 and 2017.

Rule 2016(b) confirms the duty of the debtor's attorney to file the § 329(a)

attorney fee disclosure statement, while Rule 2017(a) confirms the court's

ability, on its own initiative, to determine whether any payment to the

attorney is excessive.

Second, the reasonable value of services rendered by a debtor's

attorney is a question of fact to be determined by the bankruptcy court. *See,*

*e.g., Am. L. Ctr. PC v. Stanley (In re Jastrem)*, 253 F.3d 438, 443 (9th Cir. 2001).

"As the fact finder, the bankruptcy court has great discretion in evaluating

the sufficiency of the evidence provided by an attorney in support of the

fees being requested." *Young v. Brumgard* (*In re Brumgard)*, BAP No. AZ-06-

1238-SPaD, 2007 WL 7533356, at *11 (9th Cir. BAP June 7, 2007).

When assessing the reasonable value of the services rendered by an

attorney to a debtor, the court is directed to consider the same criteria set

forth for determining the proper amount of compensation for estate

professionals under § 330(a). *Hale v. United States Tr. (In re Basham)*, 208 B.R.

926, 933 (9th Cir. BAP 1997), *aff'd sub nom., Hale v. United States Tr. (In re*

*Byrne)*, 152 F.3d 924 (9th Cir. 1998). Accordingly, the bankruptcy court is

directed to consider the nature, extent, and value of the services rendered,

taking account of all relevant factors, including the time spent on the

services, the rates charged for the services, and the customary

compensation of comparably skilled attorneys in other cases. § 330(a)(3).

Importantly, the bankruptcy court may consider fees awarded to others in the same locality for similar cases and may rely on its "own knowledge of customary rates and [its] experience concerning reasonable and proper fees." *Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011); *In re Thueson*, No. 4-08-BK-10121-JMM, 2009 WL 1076888, at *14 (Bankr. D. Ariz. Mar. 12, 2009) ("a court may utilize its own knowledge of, and experience with, market rates and fees charged in comparable cases as a guide").

Finally, the burden is always upon the applicant to demonstrate that the fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Supporting evidence may include proof "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

B.    **The Fee Order was not an abuse of the bankruptcy court's discretion.**

Here, there are no allegations that the partial fee disgorgement was based on negligent representation or a violation of the Code. Rather, the Fee OSC put Mr. Fraley on notice that, based on the court's familiarity with the prevailing rates charged for similar no-asset chapter 7 bankruptcy cases in the Eastern District of California, $7,199 was not reasonable. The bankruptcy court provided Mr. Fraley an opportunity to provide evidence demonstrating that his fee was reasonable. Specifically, the bankruptcy court ordered Mr. Fraley to provide evidence demonstrating that his fee

was commensurate with fees charged by other attorneys in the same district for similar chapter 7 services.

Mr. Fraley did not provide such evidence but now complains that the bankruptcy court failed to consider other relevant factors listed in § 330(a)(3). While Mr. Fraley is correct that the bankruptcy court did not make express findings as to each of the factors, the record is sufficient to permit us to conduct a meaningful review. *Amantea-Cabrera v. Potter*, 279 F.3d 746, 750 (9th Cir. 2002) ("If the [bankruptcy] court's findings are sufficient to indicate the factual basis for its ultimate conclusion, in light of the record viewed in its entirety, then it is not clearly erroneous."); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1051 (9th Cir. 1985) ("A [bankruptcy] court's failure to make express findings does not require a remand if 'a complete understanding of the issues may be had [from the record] without the aid of separate findings.'") (quoting *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975)).

Here, the record demonstrates that Mr. Fraley submitted a copy of his fee agreement with Mr. Gilsvik and a detailed list of the services he rendered in this case. Therefore, despite the lack of express findings, we may assume that the bankruptcy court fully considered the nature and extent of services Mr. Fraley provided to Mr. Gilsvik. It appears that the bankruptcy court determined that because there were no legal complexities related to this case, customary charges for similar services was the most important factor in determining the reasonableness of fees. The bankruptcy

13

court conducted its own review in which it determined that in the previous three months, no other chapter 7 attorneys in the same district had charged more than $4,000. Despite the opportunity, Mr. Fraley failed to present evidence to the contrary. Indeed, Mr. Fraley failed to provide any evidence of fees customarily charged by other attorneys in the Eastern District of California.

Importantly, the Panel reviews fee awards through a lens of broad deference to the bankruptcy court "because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Phillips v. Gilman (In re Gilman)*, BAP No. CC-18-1101-STaL, 2019 WL 3074607, at *3 (9th Cir. BAP July 12, 2019) (*quoting Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012)), *aff'd sub nom., Phillips v. Gilman*, 836 F. App'x 511 (9th Cir. 2020). Additionally, "[i]t is uniquely the province of the bankruptcy court to determine the level of review and the basis for critique in fee review, and a reviewing court should defer . . . to that decision[.]" *In re Gilman*, 2019 WL 3074607, at *4 (citation omitted). Therefore, when considered in their entirety, the bankruptcy court's findings related to Mr. Fraley's attorney's fees are adequately explained and are supported by the record.[8]

---

[8] Mr. Fraley also argues that the Fee Order was error because it "presumably, triggered a report against Appellant to the State Bar of California." Any such problems with the California Bar Association are not relevant to the issue of whether the Fee Order was an abuse of the bankruptcy court's discretion. Regardless, no credible evidence was produced that the Fee Order caused a report to be submitted against

## CONCLUSION

Based upon the record before it, as informed by the experience of the seasoned bankruptcy judge, the bankruptcy court determined that $4,000 was a reasonable fee for Mr. Fraley's services under the facts of this no asset case, in which there were no disputed or complex matters outside of the fee dispute. Because we are not left with a "definite and firm conviction that the bankruptcy court committed clear error in the conclusion it reached after weighing all of the relevant factors," *In re Eliapo*, 468 F.3d at 596, we AFFIRM.

---

Mr. Fraley with the California State Bar. The Fee Order simply determined the reasonable attorney's fees for Mr. Gilsvik's chapter 7 case. It made no findings regarding Mr. Fraley's compliance with ethical obligations or his competence to practice law.